### SCOTT STEGALL v. THE STATE.

*No. 51. Decided April 29.*

1. **Continuance—Diligence.**—See facts stated which, on an application for continuance, are held to show a total want of diligence.

2. **Theft of Yearling—Killing the Animal to Conceal a Previous Theft Thereof.**—On a trial for theft of a yearling, where the evidence established that the defendant had stolen the animal from one L., sold it to one J., who sold it to one K., and the night after defendant was apprised that the theft had been discovered, he shot the animal and threw it into a well to prevent the proof of the first theft: *Held*, to constitute the previous intent it is not necessary that the taking should be done lucri causa; taking with an intention to destroy will be sufficient to constitute the offense if done to serve the offender or another person, though not in a pecuniary way. Following Dignowitty v. The State, 17 Texas, 530.

APPEAL from the District Court of Gonzales. Tried below before Hon. M. KENNON, Special Judge.

Appellant was indicted jointly with one Dan Jacks for the theft of one head of cattle, alleged to be the property of one L. M. Kokernot. Dan Jacks died, and defendant was alone put upon his trial, which resulted in his conviction, with the punishment assessed at five years in the penitentiary.

The facts are sufficiently stated in the opinion.

*Glass & Burgess*, for appellant.—The court erred in overruling defendant's motion for a new trial, because the evidence does not show a taking for the purpose of defrauding Kokernot, the alleged owner. The only

evidence of a taking by appellant was that of James Barber, a negro boy, and if his testimony be true, the taking was not for the purpose of defrauding Kokernot, the alleged owner, but for the purpose of concealing the theft of the animal from one Logan by Dan Jacks, who was then alive, and for whom appellant was working. Guest v. The State, 24 Texas Cr. App., 239; Cox v. The State, 28 Texas Cr. App., 92; Walton. v. The State, 29 Texas Cr. App., 163; Hammons v. The State, 29 Texas Cr. App., 445; Lewis v. The State, 29 Texas Cr. App., 105; Ewing v. The State, 29 Texas Cr. App., 434; Micheaux v. The State, 30 Texas Cr. App., 660.

*R. L. Henry*, Assistant Attorney-General; for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of cattle, and his punishment assessed at five years, from which he appeals. There are but two questions raised:

1. Appellant complains of the error of the court in overruling his motion for a continuance. Appellant was indicted January 12, 1892. The application was filed January 10, 1893, and based upon the want of the testimony of two witnesses. The application stated that one of the witnesses was a resident citizen of the county, but affiant learned this morning, for the first time, his residence was unknown. The other was in the county in January, 1892, when affiant asked for a subpœna, which he thought had been served, but learned January 3, 1893, that it had not been. There is no diligence whatever shown.

2. Appellant insists, that the evidence does not support a conviction for theft, because the animal was not taken for the purpose of defrauding the alleged owner, but to conceal a previous theft. It seems, that in the winter of 1890, Frank Logan lost a yearling, which he found on the 1st day of April, 1891, branded and marked, and in the possession of one Kokernot, who penned it with others in the stock yards in Gonzales, for shipment. Kokernot bought it from one Dan Jacks, who got it from appellant. The night succeeding the day on which it was discovered by the owner, appellant, being notified of the discovery, went into the stock pen and shot the animal, and threw it into a well in the stock pen, and the next morning the animal could not be found by the owner, nor until the next winter, when the carcass was discovered in the well, and investigation of the matter began.

Now, while it clearly appears that the animal was fraudulently taken without the consent of Kokernot, who had it in possession and bought it, with intent to deprive him of the value thereof, yet it is also apparent that the taking was for the purpose of destroying it, and thus prevent its identification and proof of the first theft. The question arises whether such an act constitutes theft, the animal having been originally stolen

by appellant and sold, and the second taking being to conceal the first theft. It is not every taking "without the consent of the owner, with intent to deprive the owner of the value thereof," which constitutes theft. Such acts may be nothing more ·than trespass or malicious mis-chief. To constitute theft, there must be not only the fraudulent taking, but also the intent to appropriate the property to the taker's use or benefit. There can be no question that the act done was for appellant's benefit, though it was taken with intention to destroy it, not only to prevent his detection, but the repayment of its value to Kokernot. In Dignowitty's case, 17 Texas, 530, Judge Wheeler says: "To constitute the felonious intent, it is not necessary that the taking should be done lucri causa; taking with an intention to destroy will be sufficient to constitute the offense, if done to serve the offender or another person, though not in a pecuniary way." 2 Bish. Crim. Law., secs. 843, 847.

We think there was no error in the judgment, and it is affirmed.

*Affirmed.*

Judges all present and concurring.