## GEORGE SINCLAIR v. THE STATE.
### *No 655. Decided May 11.*

1. **Indictment—Change of, Where Defendant Suggests a Different Name.** Our Penal Code requires, that where the defendant or his counsel suggests that he bears a different name from that stated in the indictment, that the indictment be corrected by inserting therein the name of defendant as suggested by himself, and that the style of the case be changed so as to give his true name, etc. Code Crim. Proc., art. 513.

2. **Continuance.**—An application for continuance is properly refused where there is no probability that the absent witness will ever be obtained; or where it is not probable that he would swear as stated in the application, or that if he did so swear, the jury in the light of the other facts in the case would not believe him.

3. **Evidence—Harmless Error.**—On a trial for bringing stolen horses into the State, while it was error to permit an officer to testify that he had seized the animals on account of a description of them in a postal card he had received, and turned them over to the owner, *Held*, that the error was harmless, inasmuch as the other undisputed evidence showed that the owner recovered the horses, and that they were the same found by the officer in possession of defendant.

4. **Foreign Laws—Proof of.**—Where the statutes of a Territory purport to have been printed by authority of the Legislature, and are properly authenticated by the secretary, they are admissible as evidence to show what is the law of the Territory upon a given subject.

5. **Theft—Ownership—Separate Property of the Wife—Allegation and Proof—Variance.**—Where the indictment alleged the ownership of the stolen horses to be in H , who was in the possession and control of them when taken, and the proof showed that they were the separate property of his wife, who was living with him at the time, *Held*, no variance.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

This appeal is from a conviction for bringing stolen horses from Oklahoma Territory into Cooke County, Texas, the punishment being assessed at seven years' imprisonment in the penitentiary.

Omitting formal averments, the indictment charged:

"That ~~Charley Davis,~~ George Sinclair, late of the county of Cooke, on or about the 20th day of April, in the year of our Lord one thousand eight hundred and ninety-four, with force and arms did then and there, in the Territory of Oklahoma, fraudulently take from the possession of A. D. Hickok two horses, the same being the corporeal personal property of the said A. D. Hickok, without the consent of the

said A. D. Hickok, and with the intent to deprive the said A. D. Hickok of the value of the same, and to appropriate it to the use and benefit of him, the said Charlie Davis, [George Sinclair,] which said acts, by the laws of the said Territory of Oklahoma, then in force, was the offense of theft of horses, and which said acts, had the same been committed in the said State of Texas, would, under the laws then in force in said State, have been theft of horses; and the said Charley Davis [George Sinclair] afterwards, to wit, on or about the 24th day of April, A. D. 1894, did bring the aforesaid property into the said county of Cooke, State of Texas, against the peace and dignity of the State."

Defendant moved to quash the indictment, as follows: "Now comes George Sinclair, the defendant in the above cause, and suggests to the court that his name is not Charlie Davis but is George Sinclair, and moves the court to quash the indictment in this cause, because: 1. Said indictment is against one Charlie Davis and not against George Sinclair, and therefore does not charge this defendant with any crime. 2. Because said indictment fails to allege the offense therein attempted to be charged with sufficient definiteness on account of not alleging (1) in what county in Oklahoma Territory the two horses alleged to have been stolen were stolen, the defendant here alleging and offering to prove that the Territory of Oklahoma is divided into counties in the same manner as is the State of Texas; (2) that the alleged horse-theft attempted to be charged in said indictment was punishable as such horse-theft under the laws of Oklahoma Territory. 3. Because the offense attempted to be charged in the body of said indictment is the bringing of two stolen horses into the county of Cooke, Texas, and the offense charged in the indorsement on said indictment is, 'theft of two horses.'"

The order of the court changing the name of defendant in the indictment is as follows: "This day this cause was called for trial, and the State appeared by her county attorney, and the defendant Charlie Davis appeared in person, his counsel also being present; and thereupon the defendant by his counsel suggests in open court that he bears a different name from that stated in the indictment, and that his true name is George Sinclair. It is therefore ordered by the court, that the indictment in this cause be corrected by inserting therein the name of the defendant as suggested by himself, to wit, George Sinclair; that the style of this cause be changed so as to give his true name, and the cause proceed as if the true name, George Sinclair, had been first recited in the indictment."

Defendant made a second motion to quash the indictment, as follows: "Now comes George Sinclair, defendant in this cause, and moves the court to quash the indictment in this cause; because (1) said indictment is not the act of a duly organized grand jury of Cooke County, Texas, but is an indictment attempted to be made by the county attorney of Cooke County, Texas. (2) Because said indictment as returned

by the grand jury of Cooke County, Texas, charged one Charlie Davis with the crime therein attempted to be alleged, and the insertion of this defendant's name in said indictment, under the provisions of article 513 of the Penal Code, was unauthorized in law, because said article 513 of said Penal Code is contrary to section 10 of article 1 of the Constitution of the State of Texas, and is therefore unconstitutional and void. (3) Because one Charlie Davis, not this defendant, was indicted by the grand jury in this cause, and this defendant was not intended to be indicted by said grand jury in this cause; and this defendant here offers to prove that he was not intended to be indicted by said grand jury in this cause, and that the insertion of this defendant's name in said indictment in this cause was contrary to the Constitution and laws of this State, and contrary to section 10 of article 1 of the Constitution of this State.

"And for the reason that he was not intended to be indicted by the grand jury in this cause, defendant further prays the court not to require him to plead to the indictment in this cause."

This motion was overruled, and defendant saved a bill of exceptions. It is unnecessary to make a further statement of the case.

*Stuart & Bell,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction for the theft of two mares in Oklahoma Territory, and bringing them into Cooke County, Texas. The indictment is sufficient. Appellant stated to the grand jury that his name was Charlie Davis, and the indictment contained that name. When called upon to plead to the indictment, he suggested that his name was George Sinclair. The indictment was changed so as to charge George Sinclair with the theft. To this appellant objected, reserving his bill of exception. In this there was no error, the code requiring this to be done when the accused suggests that he is not indicted by his real name. The record shows beyond any question that appellant was the person intended to be charged with the offense.

Appellant moved for a continuance of the cause. There is no probability that the witness Frost Hutchcraft will ever be obtained, and, if he should be, it is not at all probable that he or Ollie Mathis would swear that appellant purchased the horses in the Territory or anywhere else; and if they should so swear, under the facts of this case, the jury would hardly believe them.

The facts that Ware had received a postal card, and seized the mares from the description there given, and that they were turned over to the owner upon his order, were not competent evidence in this case. If Ware had seen the mares, he could have so stated, naming the time and place and all the circumstances, with their description. If he

placed them with Bass, he could so state. If he had obtained them from appellant, this would be competent testimony. But that he recognized them by the description contained on the postal card was clearly incompetent, or that Bass returned them to the owner upon an order from Ware was absolutely immaterial. But concede these matters to be inadmissible; there was no possible harm resulting to appellant. That the owner recovered his mares from Bass is not questioned. That those mares recovered from Bass were the property of the prosecutor, or rather the mares for the theft of which appellant was being tried, is not questioned. That Ware and others had seen appellant in possession of the same animals is equally certain. Now, then, these being indisputable facts, the postal card and Ware's order to Bass and the identity of the mares from the postal card amount to absolutely nothing.

The statutes of Oklahoma purport to have been printed by authority of the Legislature of that Territory, and were properly authenticated by the secretary of that Territory, and were therefore admissible for the purpose of showing that the appellant, if guilty, would have been guilty of theft under the laws of that Territory.

The indictment alleges, that the mares belonged to and were the property of A. D. Hickok. The proof shows, that they belonged to and were the separate property of his wife, but that A. D. Hickok was in the possession and control of them, and was living with his wife when they were taken. Counsel for appellant contends that in this there is a variance. Not so. See Code Crim. Proc., art. 426; Willson's Crim. Stats., secs. 1258, 1966.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.