## B. C. POWERS v. STATE.

No. 1979.   Decided November 20, 1912.

Rehearing denied January 22, 1913.

**1.—Theft of Cattle—Charges of Court—Circumstantial Evidence.**

Where, upon trial of theft of cattle, the court's charge on circumstantial evidence followed approved precedent, there was no error. Following Barr v. State, 10 Texas Crim. App., 507, and other cases.

**2.—Same—Charge of Court—Fraudulent Intent.**

Where, upon trial of theft of cattle, the evidence showed that the defendant was connected with the original taking, there was no error in refusing a requested charge that if defendant only assisted in procuring the property for another, to acquit him.

**3. — Same — Evidence — Unrecorded Brand — Charge of Court — Identity — Ownership.**

Where the unrecorded brand was not relied on to prove ownership, and the identity of the animal alleged to have been stolen was proved by other testimony, there was no error in the court's failure to instruct the jury as to the purpose for which such brand is admitted in evidence.

**4.—Same—Charge of Court—Practice on Appeal.**

Where the objections to the court's charge are not presented by bill of exceptions or motion for new trial, they need not be considered on appeal.

**5.—Same—Sufficiency of the Evidence.**

Where it was shown that the defendant took the alleged animal from its accustomed range, tied it in the woods, and afterwards went out and butchered it, the conviction for theft was sustained.

Appeal from the District Court of Zavala. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Geo. C. Herman* and *Jno. W. Hill* and *R. C. Walker* and *Will A. Morriss*, for appellant.—On question of unrecorded brand: Sapp v. State, 77 S. W. Rep., 456; Williams v. State, 66 Tex. Crim. Rep., 348; 147 S. W. Rep., 571; Tittle v. State, 30 Texas Crim. App., 597; Childers v. State, 37 Texas Crim. Rep., 392; Welch v. State, 42 id, 338; Spiller v. State, 61 Tex. Crim. Rep., 555; 135 S. W. Rep., 549.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of one head of cattle, and his punishment assessed at two years confinement in the penitentiary.

The court in this case charged on circumstantial evidence, and appellant complains of the charge in this respect. However, this paragraph is drawn in terms frequently approved by this court. Barr v. State, 10 Texas Crim. App., 507; Reeseman v. State, 59 Tex. Crim.

Rep., 430; 128 S. W. Rep., 1126, and cases cited in Branch's Crim. Law, sec. 204, where the rule is laid down that no precise words need be employed if the charge contains the test of exclusion—circumstantial evidence being only sufficient when it excludes every other reasonable hypothesis except that of the guilt of the defendant. The charge in this case meets this test.

Appellant also complains of the failure of the court to give his special charge wherein he requested the court to charge the jury that unless they found beyond a reasonable doubt he sold the cow to W. E. Moore, to acquit, and further if they believed the defendant only assisted in getting the cow for another, to acquit him. The evidence in this case shows that appellant went to Moore and others and told them about the cow, and when they went to butcher the cow appellant alone knew where she was tied, and he had to show her to the others. The theft was complete when the cow was taken possession of and tied to a tree to be butchered, and the circumstances clearly indicate that appellant was the person who did these acts, and even if he was taking the cow for another, where there is no suggestion in the evidence that he believed the cow belonged to such person, he would be guilty of theft and the court did not err in refusing the special instruction.

Inasmuch as the evidence does not disclose that the owner of the cow had his brand on record, appellant requested the court to instruct the jury that they could consider the evidence of the brand on the animal for no purpose except to establish identity, and the brand together with the other facts must establish the identity of the animal beyond a reasonable doubt, or there would not in law be established any ownership. The charge as requested should not have been given, because it was not the law of the case. However, the charge would have been sufficient to call the court's attention to the fact that evidence of an unrecorded brand cannot be introduced to establish ownership, and if the brand had been relied on in this case to prove ownership, a charge so instructing the jury should have been given. But the brand was not relied on to prove ownership. John S. Thompson clearly identified the cow, and testified to the ownership of the cow, and that he had sold her to M. L. Thompson just about four days before the alleged theft. He described the cow minutely, and said "she was my individual property, and I sold her to M. L. Thompson on September 11, 1911." Under such circumstances, when evidence of an unrecorded brand is introduced without objection, it was not necessary for the court to instruct the jury as to the purpose for which the brand was admitted, for the reason, as before stated, ownership was not sought to be established by the brand.

The third special charge was fully covered by the court's main charge. We have discussed these propositions, although it was wholly unnecessary to do so, as they are not presented in the motion for a new trial in a way to bring them before us for review. Byrd v. State, decided at the present term of court.

The evidence fully supports the verdict, for the theft was complete when the animal was taken from its accustomed range, and tied in the woods where appellant and others went and subsequently butchered it. It is immaterial in this case who sold the beef. The evidence might raise the question that others were principals in the offense, or that Moore was an accessory, but it would not in any way suggest that any person other than appellant was connected with the original taking.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 22, 1913.—Reporter.]