WILL HALL v. THE STATE.

No. 4031. Decided April 5, 1916.

Rehearing denied May 3, 1916.

**1.—Murder—Continuance—Immateriality of Testimony.**

Where the application for continuance showed that the alleged absent testimony would not have been admissible if the witness had been in attendance on the court, there was no error in overruling the same.

**2.—Same—Continuance—Want of Diligence.**

Where the application for continuance showed that the absent witness was a transient person going from place to place, and that he could not be located and no useful purpose would have been accomplished by the granting of a new trial, there was no error in overruling the motion for continuance. Following Smith v. State, 66 Texas Crim. Rep., 593.

**3.—Same—Motion for New Trial—Attorney and Client.**

Where the affidavit attached to the motion for new trial was sworn to before one of the attorneys of defendant, a motion to strike out should be sustained. Following Maples v. State, 60 Texas Crim. Rep., 169. However, there is no merit in the motion if considered.

**4.—Same—Manslaughter—Charge of Court.**

Where, upon trial of murder, the court properly instructed upon manslaughter generally, and also submitted Article 1131, Penal Code, as to adequate cause besides fully instructing on self-defense, etc., there was no reversible error.

**5.—Same—Limiting Testimony—Charge of Court.**

Where, upon trial of murder the court submitted defendant's requested charge upon limiting the testimony of a certain witness, there was no reversible error.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Forrester & Stanford,* for appellant.—On question of refusing continuance: Spangler v. State, 41 Texas Crim. Rep., 424; Ex parte McCoy, 47 id., 237; Asken v. State, 47 id., 362; Roquemore v. State, 59 id., 568.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of affidavit before attorney: Gordon v. State, 72 Texas Crim. Rep., 285, and cases cited in opinion.

HARPER, JUDGE.—Appellant was convicted of murder and his punishment assessed at twenty years confinement in the State penitentiary.

Appellant's first contention is that the court erred in overruling his application for a continuance on account of the absence of George Senter and Frank Rucker. As to George Senter, the testimony alleged he would testify to would not have been admissible had he been in attendance on the court. It is not alleged that this witness knew anything about the facts of this case, or any matter leading up to the difficulty, it being alleged only that shortly before deceased was killed in the club room, deceased, at another and different place, had been in the restaurant of George Senter, drinking, and had insulted Senter's wife. It was shown by all the witnesses who testified in the case, both for the State and defendant, that deceased was drinking that night, and if it had been shown that he had insulted Senter's wife at a different time and place, it could and would have thrown no light on this transaction.

As to the witness Frank Rucker, the testimony would place him at the scene of the killing, and if diligence was used to secure his attendance perhaps the application should have been granted. The fact that all other eyewitnesses to the transaction appeared and testified for the State and defendant, and his testimony could or would be but cumulative of the testimony of some of these witnesses, would be no ground to overrule the application, it being the first application for a continuance. The killing took place on the 9th of October; the grand jury returned a bill of indictment on October 23rd, and appellant on October 27th had a subpoena issued to McLennan County for this witness. It was returned on November 13th, showing that the witness had left Waco, and the sheriff had been unable to locate him. The

case was not called for trial until December 9th. No other or different process was obtained for the witness until the case was called for trial on December 9th. While in the application for a continuance no reason is stated why no additional process had been asked for after November 13th until the day of the trial, yet attached to the motion for a new trial is the affidavit of appellant's counsel stating that the reason they got out no additional process was that after diligent inquiry they had been unable to learn the whereabouts of the witness; that all they could learn was that he was a member of a vaudeville company and had left Waco with the company, going to East Texas. It is thus apparent that Rucker is a transient person, going from place to place, and if appellant and his counsel had been unable to locate the witness from November 13th to December 9th, what assurance is there they would be able to locate him by the next term of the court? Appellant's counsel made the affidavit to the motion for new trial on December 23rd, and they were still unable to locate the witness Rucker, and if after five or six weeks it was impossible to locate the witness, the trial court in acting on the motion must have felt justified in concluding that the prospect of ever locating the witness was but meager, and with no assurance he had been or could be located within any reasonable time, no good or useful purpose would be accomplished by granting a new trial and postponement of the case. If there had been any assurance given that the witness had been or could be located, doubtless the trial court and this court might take a different view of the matter. As said by this court in Smith v. State, 66 Texas Crim. Rep., 593, 148 S. W. Rep., 722: "While it is always to be regretted that a person on trial for his life or liberty is deprived of the attendance of a witness desired, yet if from the evidence there does not seem to be a probability that the witness can be secured by a postponement, no good or useful purpose would be subserved in postponing the case, and the State can not be deprived of the right to try a man because it is impossible to secure the attendance of a witness desired." If from November 13th to December 23rd, by diligent inquiry, no one could be found who could give information of the whereabouts of the witness, there could be but little reason assigned to give further time to see if someone could not be found who could locate the witness—a traveling vaudeville actor. As held by this court in Roquemore v. State, 59 Texas Crim. Rep., 568, "in the light of this record we do not think there is probable reason to believe the attendance of the witness could be secured at another trial of the case," we might say in this case. No assurance is held out that the attendance of Rucker can be secured,—he has disappeared, leaving behind no clue to locate him, if, as contended by appellant, they have been diligent in their inquiry covering some six weeks time. See also Sinclair v. State, 34 Texas Crim. Rep., 453.

The State also calls our attention to the fact that the motion was sworn to before one of the attorneys of appellant. This is not proper practice, and had the State in the trial court made a motion to strike

it from the record on this ground, it should have been sustained, unless appellant had amended it by swearing to it before some officer not representing him in the trial. (Maples v. State, 60 Texas Crim. Rep., 169.) However, as the trial court considered the motion, we have passed on it on its merits, and as there was no substantial hope held out to the trial court that by a postponement of the case the witness could be located and his attendance secured, we can not say the court abused the discretion confided to him by the law of this State.

The court fully defined manslaughter as applicable to the facts of this case, in a manner not complained of, but also instructed the jury: "Insulting words or gestures, or an assault and battery so slight as to show no intention to inflict pain or injury, are not adequate cause to reduce an unlawful killing from the degree of murder to manslaughter." Appellant complains of this paragraph of the charge. This paragraph is but a copy of article 1131 of the statute and peculiarly applicable to the testimony in this case. The State's testimony is, that appellant was standing in the door of the club room, and deceased, in passing, brushed up against him and perhaps stepped on his foot, at once asking to be excused. Of course the testimony of defendant would have deceased cursing him, striking him and making a "hip-pocket play." The court fully presented self-defense, and gave appellant's special charge on that issue.

Another exception to the charge was to that portion of the charge limiting the testimony of A. P. Burkhead. As the court gave appellant's requested charge on this issue, this eliminated this exception.

The court gave all the charges requested by appellant; submitted murder, manslaughter, aggravated assault and self-defense in a manner applicable to the evidence in this case. No exception was reserved to the introduction of any testimony. So the only question in fact presented by the record is the one contending that the case should have been continued on account of the absence of Rucker, and this we have passed on above.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 3, 1916.—Reporter.]