## Ed Cliff v. The State.

### No. 7859.    Decided November 7, 1923.

#### Rehearing denied May 7, 1924.

**1.—Selling Intoxicating Liquor—Continuance—Depositions.**

Where the witness was apparently out of the state and there was no showing in the record that appellant tried to secure his deposition, there was no error in overruling the motion for continuance.

**2.—Same—Indictment—Constitutional Law.**

Where appellant objected to the indictment because of the amendment to section 31 chapter 78, of the Second Called Session of the Thirty-Seventh Legislature, as null and void, etc., held that nothing new is presented, and the motion was correctly overruled.

3.—Same—Rehearing—Continuance.

Where appellant again urged that the court below erred in overruling his application for continuance, but there is an absence of diligence shown in the record to procure the testimony of the absent witness by deposition, there is no reversible error.

Appeal from the District Court of Jones.　Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.—On question of continuance: Stubblefield v. State, 252 S. W. Rep., 563; White v. State, 236 id., 745.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jones County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are two bills of exception in the record, one complaining of the overruling of appellant's motion to quash the indictment, and the other presenting his objection to the court's refusal of a continuance.

The continuance was sought for the absence of John Miller who was alleged to have gone out of the State since he was served with a subpoena.　In regard to this it appears from the testimony of Miller's father, who was introduced as a witness in behalf of appellant, that John Miller had gone to the State of California and is now residing there.　No effort is reflected by the record to obtain his deposition.　It is made to appear that appellant learned that Miller had gone from Texas some time before the trial.　Our law provides a way in which the testimony of one who is permanently out of the State may be secured on behalf of one accused of crime, but he is not absolved from the use of due diligence in getting same.　The motion to quash the indictment seems to present no new matter.　It presents the question that the amendment to Sec. 31, Chapter 78 of the Second Called Session of the Thirty-seventh Legislature is null and void because of the alleged fact that the bill undertakes not only to amend said chapter but also undertakes to amend Art. 865-b of the Acts of 1913. We are cited to no authorities holding in accord with the contention made by appellant and none are known to us.　We would not think a bill whose entire subject matter related to amending the law rela-

tive to intoxicating liquors would be open to the objection made to this amendment, to-wit: that it related to more than one subject. The other questions raised by appellant in his motion to quash have all been settled against him by decisions of this court.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEABING.

May 7, 1924.

LATTIMORE, Judge.—Appellant insists that we were not justified by the record in that portion of our opinion wherein we stated:

"It is made to appear that appellant learned that Miller had gone from Texas some time before the trial. Our law provides a way in which the testimony of one who is permanently out of the State may be secured on behalf of one accused of crime, but he is not absolved from the use of due diligence in getting same."

From the testimony of the father of witness Miller we quote: "My son is now making his permanent home in California. . . . The past four years I have lived in about a mile and a half of him (appellant)". Referring again to his son, witness said: "He had an interest in a crop with me and I sold the last bale of cotton he was interested in on the 7th of December this last year; he left that day; I sold the bale of cotton in the morning and deposited the money in the bank for him and he left that evening." Appellant was recalled to the witness stand and testified as follows: "I had John M. Miller subpoenaed as a witness in this case; I knew that he had been subpoenaed. I do not remember just when I first learned that he had left Jones County, but it was some little time back."

We thus learn from the record that appellant lived a mile and a half from the home of witness and his father; that witness left Jones County for California on the 7th day of December, 1922; that all the parties lived in the country. That a month and two days after the departure of John Miller for California this case was tried and appellant presented his application for a continuance because of the absence of John Miller. He says while a witness that he knew John Miller had left the county some time back. Knowing this he made no effort to obtain the deposition of said witness. This seems to establish beyond controversy an entire lack of diligence. The law presumes that what is wanted is the testimony, not merely a continuance. This is the only point presented in the motion.

Believing that no error was committed, the motion for rehearing will be overruled.

*Overruled.*