ROBERT M. KIRKWOOD v. THE STATE.

No. 11986.  Delivered December 12, 1928.
Rehearing denied January 23, 1929.

The opinion states the case.

*W. R. Abernathy* of McKinney, for appellant.

*J. E. Abernathy,* County Attorney, *W. C. Dowdy,* Assistant County Attorney of McKinney and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—Under an indictment charging assault with intent to murder, appellant was convicted of aggravated assault and his punishment assessed at a fine of one thousand dollars and two years confinement in the county jail.

Returning from a hunt, Willie L. Brawley and Stanley Newsome went through a pasture belonging to appellant's father. Appellant, who been cutting wood, was sitting on some stile-blocks with an ax in his hand. According to the testimony of Brawley and Newsome appellant spoke to Newsome, but ignored Brawley. Brawley and Newsome crawled through the fence into the road. Appellant stated that he did not permit hunting in the pasture and, according to Brawley, accused him (Brawley) of swearing lies about him. Brawley stated that he had not sworn any lies on appellant. Brawley said that appellant called him a G-- d----- liar and that he told appellant that if he was any part of a gentleman he (appellant) would come into the road. Brawley testified that he left his gun behind him in the road and approached appellant, again stating to him that if he was any part of a gentleman he would come into the road. Brawley further testified that, after reaching appellant, he heard a car and turned around and that as he turned his head to look in the direction of the car appellant hit him with the ax. Newsome corroborated Brawley's testimony. A witness who passed in an automobile at the moment appellant struck Brawley testified that Brawley was unarmed at the time and was making no demonstration toward appellant. The testimony of all of the state's witnesses was to the effect that Brawley was unarmed at the time appellant attacked him, and that he was making no demonstration toward appellant. It was shown that the ax in the manner of its use was a deadly weapon and that appellant struck the injured party with the flat part thereof. Appellant testified that Brawley called him a nigger-loving s-- of a b---- and approached him with his gun in his hand; that Brawley was pointing the gun toward him and that he believed Brawley meant to use the gun; that when Brawley pointed the gun toward him he struck Brawley with the ax. Appellant admitted that he told the county attorney that the injured party stuck the gun barrel "right under" his chin. Brawley was severely injured and had to remain in a hospital in Dallas for several weeks. He underwent an operation which disclosed a fractured skull.

In submitting the issue of self-defense the court restricted the right to defend to real or apparent danger placing appellant in peril of losing his life or suffering serious bodily injury. Upon the request of appellant the court charged the jury, in substance, that if they found from the evidence that Brawley was armed with a shotgun and was advancing upon appellant, or was about to advance upon him, the law presumed that he intended to kill appellant or to do him serious bodily injury, and that appellant would have the

right to act on such presumption. The state's testimony was to the effect that Brawley was not armed. Appellant testified that Brawley was armed, that he pointed the gun at him, and that he believed that he was going to use it. It is uniformly held that one charged with any grade of assault may rely for justification upon self-defense against an unlawful attack, even though such attack does not amount to an effort to inflict death or serious bodily injury. Britton v. State, 253 S. W. 519. In Jupe v. State, 217 S. W. 1041, in discussing the question under consideration here, Judge Davidson used language as follows:

"The right of self-defense does not depend upon whether the life of the accused was in danger or his body of serious bodily injury under all circumstances. The right of self-defense is broader, and applies as well where the case is not one where the life of the accused is in danger or his body of serious harm. If the facts only suggested that, self-defense may be urged as against an attack on him with a deadly weapon, or one that might produce death or serious bodily harm, but where that is not the case that issue is not involved. The right of self-defense is as broad as the facts that are introduced in evidence, and the charge of the court should meet this as the facts present it, and not carve out a particular phase to the exclusion of one more favorable. If the evidence for the state should include facts from which the jury might convict for homicide or assault to murder, the court may be justified in limiting self-defense if the attack made on the defendant, either real or apparent, was by a weapon of some character which might bring about his death or serious bodily harm to him; but if this issue was of a less gravity then self-defense should not be so limited. In other words, self-defense should meet the case as made by the facts."

In view of appellant's testimony and the facts reflected by the record, it would appear that the court's charge on self-defense met "the case as made by the facts." It was appellant's position that Brawley was about to attack or was attacking him with a deadly weapon. The jury were pointedly instructed that appellant had the right to act on the presumption that Brawley intended to kill him or inflict serious bodily injury on him, if they believed that accused was armed with a gun. In any event, in view of the entire record, the failure of the court to give a broader charge on self-defense could not have operated to the prejudice of appellant.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists that in failing to instruct the jury upon his right to defend against an attack not of such gravity as to evince an intent to kill or do serious bodily injury, the court committed error. Clearly, when one is assaulted, the right of self-defense extends to the right to repel the assault although it does not pretend death or serious bodily injury, and an instruction to that effect becomes appropriate when applicable to the facts in evidence. This is recognized in the original opinion. As we interpret the evidence in the present instance, however, the only attack or assault to which the appellant was subjected was that which he described in his own testimony, which was an assault threatening death or serious bodily injury. According to his testimony, when he struck the injured party with the ax, the latter had a gun in his hand, was in close proximity to the appellant, and by his manner manifested a purpose to shoot the appellant with the gun. The State's evidence, coming from the injured party and other witnesses, exculpated him from any attack upon the appellant. It occurs to us that if, under the circumstances revealed by the record in the present instance, there was a reason for instructing the jury that the appellant had a right to protect his person against an assault of lesser violence than one which threatened death or serious bodily injury, such a charge should have been accompanied by an instruction that in exercising the right to so defend himself, he would not be authorized to use excessive force. On the whole record, we are impressed with the view that there is no such fault in the charge as would, in view of Art. 666, C. C. P., 1925, justify a reversal of the judgment. In that statute it is declared in substance that a fault or omission in the charge which is not calculated to injure the accused or deprive him of a fair and impartial trial, shall not be made a ground for a reversal of the conviction. Application of this statute has been made in numerous instances as appears from Vernon's Ann. Tex. C. C. P., Vol. 2, p. 293.

The motion is overruled.

*Overruled.*