JAMES E. ASTON v. THE STATE.

No. 14638. Delivered December 23, 1931.
On the Merits February 24, 1932.
Rehearing Denied April 13, 1932.

536

The opinion states the case.

*Wallace Wilkinson,* of McAlester, Okla., and *Lackey & Lackey,* of Stinnett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for twenty years.

The caption fails to show the date of adjournment of the term of court at which appellant was tried. It is necessary that this be shown. Lowrey v. State, 92 Texas Crim. Rep., 311, 244 S. W., 147, and authorities cited.

The appeal is dismissed. Appellant is granted fifteen days from this date in which to perfect the record.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Shortly after the noon hour on June 23, 1930, two men entered the Donley County State Bank of Clarendon, Texas, and, exhibiting pistols, took from Holman Kennedy, the cashier, $8,000 in money. The four persons in the bank at the time of the robbery positively identified appellant as being one of the participants in the commission of the offense. They said that appellant appeared to be the leader. Appellant testified that he was in McAlester, Oklahoma, on the occasion of the robbery. He denied that he participated in the transaction in any way. Appellant's wife and another witness gave testimony supporting the defensive theory.

It was charged in the indictment that appellant used a pistol in perpetrating the robbery. In his bill of exception No. 1 appellant brings forward his motion to quash the indictment on the ground that it is duplicitous because in the same count with allegations of ordinary robbery it was alleged that a firearm was used in the commission of the offense. In numerous decisions this court has held adversely to appellant's contention. Branch's Annotated Penal Code, sec. 2382; Green v. State, 66 Texas Crim. Rep., 446, 147 S. W., 593; Robinson v. State, 67 Texas Crim. Rep., 79, 149 S. W., 186; Bell v. State, 77 Texas Crim. Rep., 146, 177 S. W., 966; Viley v. State, 92 Texas Crim. Rep., 395, 244 S. W., 538; Crouch v. State, 87 Texas Crim. Rep., 115, 219 S. W., 1099.

Bill of exception No. 2 brings forward an application for a change of venue in which it is averred that there existed in the county of the prosecution such prejudice against appellant that he could not secure a fair and impartial trial. The application was supported solely by the affidavit of appellant. The statute requires that the application be supported by the affidavit of the defendant and of at least two credible persons who are residents of the county where the prosecution is instituted. Article 562, C. C. P.; McKenzie v. State, 116 Texas Crim. Rep., 395, 11 S. W. (2d) 172; Gibson v. State, 53 Texas Crim. Rep., 349, 110 S. W., 41. No effort was made to show that appellant could not comply with the statute requiring the affidavit of at least two credible persons. If the court heard testimony on the application it is not brought forward.

As shown by bill of exception No. 3, appellant's first application for continuance was overruled. It was averred in the application that he was not ready for trial on account of the absence of Iva Sherrill, who resided in McAlester, Oklahoma, and W. R. Garland, who was an oil-field worker and whose residence was unknown, but who had formerly

resided near McAlester, Oklahoma. According to the averments in the application, the witness Iva Sherrill would have testified that appellant was at her house in Oklahoma on the date it was alleged the robbery occurred, and the witness Garland would have testified that he was with appellant in Oklahoma at the very time it was alleged the robbery took place. Attached to the application was the certificate of a physician to the effect that the witness Iva Sherrill was confined to her bed and unable to attend court. It was averred in the application that it would have been useless to have taken the deposition of the witness, as she was unable to answer interrogatories. Other than this averment there was no showing that the witness was too ill to answer interrogatories. The certificate of the physician was silent as to whether the witness could have answered interrogatories, his statement being merely to the effect that the witness was unable to attend court.

The indictment was returned on March 25, 1931. Appellant was under arrest at the time. The trial took place April 10, 1931, which was approximately fifteen days after the return of the indictment. No effort was made by appellant to file the proper affidavit demanded by article 741, C. C. P., or have prepared, filed and served interrogatories as required by article 742, C. C. P. While the law of diligence would not demand that appellant do a vain thing nor perform the impossible, it did require that he use reasonable diligence. Rice v. State, 107 Texas Crim. Rep., 281, 296 S. W., 518. Fifteen days intervened between the return of the indictment and appellant's trial; five of them would have sufficed for notice of filing of interrogatories. So far as the matter is presented in the bill of exception, appellant might have secured the deposition of the witness Iva Sherrill by following the procedure laid down in the statute. Having taken no preliminary steps toward taking her deposition, and failing by proof to show that it would not have been practicable to obtain the testimony, the mere averment that the witness would have been unable to answer interrogatories would not warrant this court in declaring that in refusing the continuance and overruling the motion for new trial there was an abuse of discretion by the trial court. Rice v. State, supra; Martin v. State, 92 Texas Crim. Rep., 124, 242 S. W., 234; Cliff v. State, 97 Texas Crim. Rep., 420, 261 S. W., 144.

The residence of the witness Garland was unknown at the time of the trial, and we fail to discern upon what facts a reasonable expectation of procuring his testimony at a subsequent term could be based. As heretofore stated, it was averred that the witness formerly resided near McAlester, Oklahoma. It was not shown when he left the place of his residence. It was further averred that the last time appellant had seen the witness he resided in Seminole county, Oklahoma, but that he had since changed his residence to either Oklahoma county, Oklahoma, or some

of the counties in the east Texas oil fields. It was not shown in the application when the witness left the state of Oklahoma. It was alleged in the application that appellant had been advised by relatives of the witness since the return of the indictment that the witness had gone to the east Texas oil fields to work, but that they did not know to what county. As heretofore shown, it was averred that the witness was an oil field worker. He was evidently a transient person. Although appellant should have known the counties comprising the east Texas oil fields, he made no application for process to any of said counties. Notwithstanding he averred in his application that he had been making diligent inquiry as to the location of the witness, and that the motion for a new trial was not acted upon until eleven days after judgment of conviction was entered, it was not made to appear on the hearing of the motion for a new trial that appellant or his counsel had made further effort to discover the whereabouts of the witness. We think, in view of the averments of the application itself, the learned trial judge was warranted in concluding that it was not probable that the attendance of the witness could be secured at another trial of the case. The witness evidently disappeared, leaving behind no clew to locate him. If the parties were unable to locate the witness after making diligent inquiry for over a month, the trial court, in passing on the application for a continuance and motion for a new trial, would seem to have been justified in concluding that the prospect of ever locating the witness was but meager. See Hall v. State, 79 Texas Crim. Rep., 463, 185 S. W., 574; Hoover v. State, 107 Texas Crim. Rep., 600, 298 S. W., 438; Bocknight v. State, 87 Texas Crim. Rep., 428, 222 S. W., 259; Shield v. State, 118 Texas Crim Rep., 509, 38 S. W. (2d) 76; Sinclair v. State, 34 Texas Crim. Rep., 453, 30 S. W., 1070; Roquemore v. State, 59 Texas Crim. Rep., 568, 129 S. W., 1120.

Appellant's motion for a new trial was in part predicated upon alleged newly discovered evidence, it being averred therein that certain named witnesses would testify that they had seen appellant in the state of Oklahoma on the day of the alleged robbery and had talked to him on various subjects. The affidavits of the witnesses were appended to the motion. We are unable to discern upon what theory appellant contends that the proposed evidence was newly discovered. Appellant knew the witnesses, and had talked with them. It was incumbent upon appellant to satisfy the court that the alleged new testimony had come to his knowledge since the trial, and that it was not owing to want of due diligence on his part that it was not discovered sooner. Branch's Annotated Penal Code, sec. 198; Sullivan v. State, 61 Texas Crim. Rep., 657, 136 S. W., 456; Whitfield v. State, 40 Texas Crim. Rep., 14, 48 S. W., 173. Manifestly, appellant was in no position to comply with the rule last mentioned. It may be added that it is recited in the order of the court overruling the motion for a new trial that evidence was heard by the trial court. The evidence

is not brought forward. We must therefore indulge the presumption that the court's action in overruling the motion was correct, and that the trial court acted upon evidence which was sufficient to justify his action. Scroggins v. State, 112 Texas Crim. Rep., 543, 17 S. W. (2d) 829; Sykes v. State, 109 Texas Crim. Rep., 39, 2 S. W. (2d) 863.

In applying the law to the facts the jury were advised, among other things, that appellant must have had the intent to appropriate the money to his own use and benefit, or to the use and benefit of any other person. Appellant objected to this charge on the ground that the law required that he have the intent to appropriate the money to his own use and benefit before he could be convicted. There being no issue as to the intent, we would not feel warranted in ordering a reversal if it should be concluded that the charge was incorrect. If the state's testimony was to be believed, appellant appropriated the money to his own use and benefit. If appellant's testimony was to be accepted as true, he had nothing to do with the commission of the offense. Under the provisions of article 666, C. C. P., this court is not authorized to reverse a case upon an error in the charge unless it appears from the record that such error was calculated to injure the rights of the defendant, or unless it appears that he has not had a fair and impartial trial. Kirkwood v. State, 111 Texas Crim. Rep., 333, 12 S. W. (2d) 1029; Rhodes v. State, 110 Texas Crim. Rep., 353, 7 S. W. (2d) 569; Maier v. State, 90 Texas Crim. Rep., 459, 235 S. W., 576. From the whole record, we are impressed with the view that there was no such fault in the charge as would, in view of article 666, C. C. P., justify a reversal of the judgment.

Appellant submitted to the court several requested instructions, which were refused. One of these instructions would have advised the jury to acquit appellant if they believed the money was taken from the bank by any kind of previous agreement or understanding between appellant and Holman Kennedy, the cashier. There was no evidence in the record raising the issue presented in the charge.

An examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews complaint of the charge of the court wherein it instructed the jury that if they believed appellant took the property with intent to appropriate it to his own use and benefit, or to the use and benefit of any other person, etc., the latter clause being

the one objected to. This conviction was for robbery. This court has held that robbery and theft are closely related. The only distinguishing element being that of actual or threatened violence necessary to make out a robbery case. The statute in each case directs that the property must be taken with the intent to appropriate it to the use and benefit of the taker. In Stegall v. State, 32 Texas Crim. Rep., 100, 22 S. W., 146, we quoted with approval from Dignowitty's case, 17 Texas, 530, holding that the intent was sufficient if it showed intent to take the property for the benefit of the offender or another person. Substantially the same thing is held in Powers v. State, 69 Texas Crim. Rep., 214, 152 S. W., 909. We fail to find any error in the charge in this regard. The facts showed that appellant was one of a group which by assault and violence robbed the officers of the bank. We see no reason why the court might not properly tell the jury, in submitting the law of such case, that if they believe the accused took the property with the intent to appropriate it to his own use and benefit, or to the use and benefit of himself and others, that he would be guilty. It would be immaterial whether he intended to take it solely for his own use or for the use of himself and others. He would be as guilty in the one case as in the other.

The requirements of our statute and authorities regarding an application for continuance make necessary some sufficient statement as to the residence of the absent witness or his whereabouts with such reasonable certainty as that the court may know that to grant the application will result in some substantial benefit to the accused, and that there is some reasonable certainty of procuring the absent witness. We have again considered appellant's application and are but confirmed in our belief that the trial court committed no error in overruling same.

The motion for rehearing will be overruled.

*Overruled.*