JACK THOMASON V. THE STATE.

No. 17408.   Delivered March 13, 1935.
Appeal Reinstated April 3, 1935.
Rehearing Denied May 1, 1935.

The opinion states the case.

*W. E. Lessing,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is misdemeanor theft; the punishment, a fine of ten dollars and confinement in jail for ten days.

No notice of appeal appears to have been given and entered of record as required by article 827, C. C. P. Under all the authorities this court is without jurisdiction in such case. Turman v. State, 57 S. W. (2d) 577.

It is also pointed out that the caption of the transcript fails to show the date of adjournment of the term of court at which appellant was convicted. It is necessary that this be shown. Aston v. State, 48 S. W. (2d) 292.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE THE APPEAL.

LATTIMORE, JUDGE.—It appearing that a proper notice of appeal was given in this case, and that same has been entered on the minutes, the order of dismissal is set aside, the appeal is reinstated, and the case now considered on its merits.

Appellant moved to quash the information, but the order of the trial court overruling his motion seems to have satisfied him since no bill of exceptions was reserved.

Appellant has eight bills of exception. Bill No. 1 sets out that witness Stock testified that he gaged the oil in a certain flow tank on September 20, 1934, and again on September 21, 1934, and that the difference in measurements was seven inches short; that the tank figured one barrel and five-tenths to the inch. On cross-examination this witness disclosed that he could only figure the amount of oil per inch in said tank, or the amount of oil missing from the tank, from directions contained in a book; that he knew nothing personally about, and could not figure the amount of oil per inch in said tank of his own personal ability or knowledge. Appellant moved to strike out "such testimony" from the record, which motion was overruled. There nowhere appears in said bill any certificate or showing as to the materiality of the testimony deemed by appellant objectionable. The witness testified that the oil in the tank between the dates of measurements was seven inches short. For all we know from this bill of exceptions, there may have been abundant testimony in the record otherwise showing the amount of oil taken or missing. Appellant made what might be termed a blanket motion to strike out, and comprehended by "such testimony" was the statement of the witness that the oil in the tank was seven inches short between such dates of measurements. We think the bill would not be subject to such motion, and can not say that the court erred in overruling same. If appellant desired his motion to go only to the testimony that the tank figured a barrel and five-tenths to the inch, he should have so worded his motion that we could be sure the trial court understood same, but had this been clear we would not be able to see prejudice to the rights of appellant from the action of the court in overruling the motion for, as above stated, there may be in the record abundant testimony showing the quantity of oil gone.

Bill No. 2 complains of testimony that officer Goodman followed truck tracks to the farm of one Charles Thomason, and located a truck near a tank and some machinery, etc. Over objection based on the absence of a search warrant had by the officer, he was allowed to testify to the finding of vessels on the

truck containing crude oil. Appellant is not Charles Thomason, and there is no testimony showing that any invasion of the premises of Charles Thomason would be a transgression of the rights of appellant. See Comeaux v. State, 118 Texas Crim. Rep., 223; Giles v. State, 119 Texas Crim. Rep., 225; Stephenson v. State, 120 Texas Crim. Rep., 265; Maxwell v. State, 121 Texas Crim. Rep., 190.

Bill No. 3 sets out objection to statements purported to have been made by appellant to witness Goodman, the objection seemingly being based on the proposition that "witness" was under arrest. Overlooking the manifest error just referred to, which may be purely typograhical, there is nothing in the bill manifesting that appellant was under arrest at the time save the statement of such fact in setting out the objections made. In numerous decisions we have held that such a bill is of no avail, without a statement or certificate of the truth of those facts which are merely set out as objections. This holds true of bills of exception 4, 5 and 6.

Bill No. 7 is qualified, and no exception to the qualification appears. Said bill is also subject to the objection that it refers to the fact that while the testimony set out in bills 5 and 6 was being objected to, etc., without in any other way making the contents of said other bills a part of the bill under consideration. We see no error manifested by said bill.

Bill of exceptions No. 8 complains of argument of the State's attorney, in effect, that appellant should be given a penalty of a fine of $500.00 and six months in jail to convince him and his father that they could not run a still down there in violation of law. Presumably from the testimony the still referred to was a gasoline still. There is nothing in the bill to show that the argument was not entirely warranted by testimony. Evidently the jury were not prejudiced thereby, as they only inflicted upon appellant a fine of $10.00 and ten days in jail. We think the facts before the jury sufficiently warranted them in their conclusion of guilt.

No errors appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again examined the record in the light of appellant's motion for rehearing, but still believe nothing complained of by appellant warrants a reversal of the judgment.

The motion for rehearing is overruled.

*Overruled.*