Larry Lee JEFFERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 38552.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Dec. 20, 1972.

Joe E. Turner, of Turner & White, Houston (on appeal only), for appellant.

Carol Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an out of time appeal. The record reflects that on April 3, 1964, appellant was convicted of murder; the punishment was assessed at ninety-nine years. The original appeal resulted in affirmance in Jefferson v. State, Tex.Cr.App., 395 S.W.2d 611. Such opinion held that nothing was presented for review since no statement of facts or formal bills of exception were properly before this court. On April 19, 1972, this court found that appellant, an indigent, had been deprived of an effective appeal and ordered preparation of the record, that appellant may be accorded an out of time appeal.

The record reveals that sometime between 9:30 P.M. and 11:00 P.M., September 7, 1963, the deceased, James Evans, and J. C. Mathis approached a lounge known as Estes Lounge or Zu Zu's Place in Houston. As they approached the entrance, they met the appellant who was leaving. An argument ensued between the three and, as a result thereof, appellant shot both Evans and Mathis. Evans died as a result of the gunshot wound; Mathis

recovered and testified in behalf of the state. Although it is undisputed that appellant knew Mathis as having a reputation for violence; that he had been convicted of carrying a prohibited weapon; and had, on two prior occasions, attempted to do serious bodily harm to appellant,[1] there was conflicting testimony concerning the nature of the argument that preceded the shooting.

The evidence, viewed in light most favorable to the verdict, shows that when they met, Mathis tapped appellant on the shoulder and gave him a friendly greeting, saying, "Hi, Larry;" that appellant replied, "Get your hands off of me and I haven't forgot what your brother did to me;" and that appellant then shot both Evans and Mathis without justification.

Appellant complains of the following instruction which was included in the court's charge:

"Any testimony that the defendant or any other witness had been convicted or any case or cases was submitted so that you may determine whether it aids you in passing upon the credibility of the defendant or other witness as a witness; and you are *only* authorized to consider it for that purpose alone, if you think it does effect his or their credibility." (Emphasis added)

No objection was addressed to the court's charge at time of trial, as is required by Article 36.14, Vernon's Ann.C.C. P. (formerly Article 658, V.A.C.C.P., in effect at time of his trial) and therefore nothing is presented for appellate review. Nevertheless, appellant contends that the trial court committed fundamental error in instructing the jury not to consider the

conviction of Mathis except for the purpose of passing upon his credibility.

■ Appellant argues that in considering whether or not he acted in self-defense, the jury was entitled to consider the conviction of Mathis for unlawfully carrying a weapon. However, it has been a consistent holding of this court, under the provisions of Article 36.19 V.A.C.C.P. (formerly Article 666), that a case will not be reversed on appeal because of an error in the charge of the court to which no objection was made, unless the error was calculated to injure the rights of the defendant, or unless it appears he had not had a fair and impartial trial. Aston v. State, 120 Tex.Cr.R. 534, 48 S.W.2d 292; Barfield v. State, 118 Tex.Cr.R. 394, 43 S. W.2d 106; McCue v. State, 75 Tex.Cr.R. 137, 170 S.W. 280. Compare Fennell v. State, Tex.Cr.App., 424 S.W.2d 631.

■ The jury was instructed on the law of self-defense, and in light of the fact that the jury had before it testimony by appellant that Mathis had on two prior occasions tried to kill him; that Mathis had "beat up" one of his brothers and "cut up" another; that he knew Mathis "carried a switchblade all the time;" and that Mathis "hung out in the bad part of town;" we cannot say that the instruction to the jury to consider the "conviction" of Mathis *only* for the purpose of determining his credibility as a witness was calculated to injure the rights of appellant so that he was denied a fair and impartial trial. There was ample evidence before the jury that appellant feared Mathis and acted in self-defense, it they had chosen to believe such.

Appellant submitted four other grounds of error, but admits that they are probably without merit. These have been reviewed

---

[1]. Appellant testified that on one occasion, Mathis and his sister Ruby "jumped on him" and while Mathis held him, Ruby stabbed him on the top of his head with a butcher knife. He also testified that a week before the shooting, he was attacked in an alley by Mathis and two other men.

The Clerk of the Criminal District Court of Harris County (now 174th District Court) testified from the court records that Mathis entered a plea of guilt to aggravated assault on July 26, 1961, and to unlawfully carrying a prohibited weapon on March 14, 1958.

and found to be non-meritorious and will not be discussed.

No reversible error having been shown, the judgment is affirmed.

DOUGLAS, J., not participating.