### Frank Kocich v. The State.

No. 7095.   Decided February 7, 1923.

Rehearing granted March 20, 1923.

**1.—Selling Intoxicating Liquor—Indictment—Duplicity.**

Without discussing the merit of the contention that the indictment. is dupicitous, it must be held that the criticism of the indictment is one that cannot be made for the first time after verdict. Following Osborne v. State, 245 S. W. Rep., 928.

**2.—Same—Rehearing—Practice in Trial Court—Introduction of Evidence— Plea of Guilty.**

Where, upon trial of the unlawful sale of intoxicating liquor, it appeared from the record on appeal that no evidence was introduced of defendant's guilt of the crime charged in the indictment or the circumstances attending it, the defendant having pleaded guilty, the judgment must be reversed, and the cause remanded.

Appeal from the District Court of Bell. Tried below before the Hon. M. B. Blair.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*DeWitt Bowmer* for the appellant.—Cited Harwell v. State, 19 Texas Crim. Rep., 423; Paul v. State, 17 id., 583; Scott v. State, 29 id., 217; Woodall v. State, 126 S. W. Rep., 592, and cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment charged that the appellant: "did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes, and not for any of these purposes, sell and deliver to S. B. Dillingham, one quart of whisky, etc."

In a motion in arrest of judgment, appellant asserts, for the first time, that the indictment was duplicitous in that is charged two offenses, namely, the sale of intoxicating liquor and the delivery of intoxicating liquor.

Without discussing the merits of the contention that the indictment is duplicitous, we are constrained to hold that the criticism of the indictment is one that cannot be made for the first time after verdict. This subject has been discussed in some detail in the case of Melley v. State, No. 7185, not yet reported, in which it is held that under the statute, Article 875, 849 and 850, Code, of Crim. Proc., complaint of a duplicitous indictment is not availuable except on moto quash the indictment. See also Osborne v. State, 93 Texas Crim. Rep., 54, 245 S. W. Rep., 928.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 21, 1923.

MORROW, PRESIDING JUDGE.—Touching the sufficiency of the indictment, we adhere to the announcement made in the original opinion.

We failed, however, to notice the attack upon the conviction upon the ground that no evidence was introduced. The statute upon the subject reads thus:

"Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury, shall be impaneled to assess the punishment, and evi-

dence submitted to enable them to decide thereupon.'' (Art. 566, C. C. P.)

The construction of the statute in Vernon's Crim, Stat., Vol. 2, p. 289, is thus stated: ''This article is mandatory, and it is fundamental error to disregard it. In so far as it requires evidence to be submitted, it is not intended solely for the benefit of the defendant, but is also intended to protect the interests of the State, by preventing aggravated cases of crime from being covered up by the plea of guilty, so as to allow the criminal to escape with the minimum punishment fixed by law. This provision of the statute should be fully observed and administered, and the proper practice is to have the judgment entry show affirmatively that evidence was adduced upon the plea of guilty. Harwell v. State, 19 Texas Crim. App. 423; Paul v. State, 17 Texas Crim. App. 583; Turner v. State, Id. 587; Saunders v. State, 10 Texas Crim. App. 336; Walace v. State, Id. 407, Frosh v. State, 11 Texas Crim. App. 280; Scott v. State, 29 Texas Crim. App. 217, 15 S. W. 814; Johnson v. State, 39 Texas Crim Rep. 625 48 S. W. 70; Josef v. State, 33 Texas Crim. Rep., 251, 26 S. W. 213; Evers v. State, 32 Texas Crim. Rep., 283, 22 S. W. 1019; Hopkins v. State, 68 S. W. 986; Sullivan v. State, 47 Texas Crim. Rep., 615, 85 S. W. 812; Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. 591.''

The Supreme Court of Michigan, in discussing a similar statute, uses this language: ''The statute invoked is a beneficent one and was designed alike for the protection of the prisoner and the public against the imposition and fraud of mercenary persons and unscrupulous officers in procuring prisoners to plead guilty through *ignorance*, fear or illusive promises, when a fair trial might show them to be not guilty; and the court whose duty it is to try persons charged with crime cannot be too vigilant in carrying out this statute according to its true spirit in cases where such plea is interposed; and this court will not hesitate whenever in any case any reasonable doubt exists as to a full compliance with its requirements to set aside the senetence imposed.''

In the case before us, two witnesses testified. Both of them gave the opinion that the appellant was sane. Neither of them gave any legal evidence of appellant's guilt of the crime charged or the circumstances attending it. Inferentially and purely from hearsay, the sheriff indicated that he (the sheriff) was in possession of some whiskey which had been gotten from appellant. The sheriff, however, expressly disclaimed having obtained it from him, and the evidence given by him is of no legal weight. Speaking of such evidence, this court, in Woodall's case, (58 Texas Crim. Rep., 516) declared that the statute which demanded that there be evidence introduced meant that there should be legal evidence such as was authorized to go before the jury. In the instant case, there is no such evidence found in the record.

Therefore, in obedience to the statute, the judgment must be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*