### Tom Lumus v. The State.

No. 7126. Decided April 4, 1923.

1.—Manufacture of Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error.

2.—Same—Indictment—Duplicity—Motion in Arrest of Judgment.

The question of duplicity of the indictment cannot be raised for the first time by motion in arrest of judgment, but must be by motion to quash. Following Melley v. State, recently decided.

Appeal from the District Court of Limestone. Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor. Penalty; one year imprisonment in the penitentiary.

*J. E. Bradley, W. T. Jackson, Wm. Kennedy, Robt. M. Lyles* for the appellant.

*R. G. Storey,* Assistant Attorney General, for the State cited. Gilmore v. State, 236 S. W. Rep., 484; Gordon v. State, 228 id., 1095.

HAWKINS, Judge.—Conviction is for manufacture of intoxicating liquor, punishment, one year in the penitentiary.

The evidence is amply sufficient to support the verdict. No bills of exception appear in the record. The indictment charged in one count the manufacture, the possession for sale, and the sale, of intoxicating liquor. Conviction is for the manufacture only. The indictment is duplicitous. (See Todd v. State, 89 Tex. Cr. Rep., 99, 229 S. W. Rep., 515). No motion in limine to quash the indictment was presented. After conviction a motion in arrest of

judgment was filed attacking the indictment for duplicity. This question cannot be raised for the first time by motion in arrest of judgment, but must be by motion to quash. (See Melley v. State, No. 7185, 93 Tex. Crim. Rep., 522; Kocich v. State, No. 7095, original opinion Feb. 7, 1923, 94 Texas Crim. Rep., 74.)

The judgment is affirmed.

*Affirmed.*