# MARCH, 1925.

## J. H. GARNER v. THE STATE.

No. 8302.   Delivered March 4, 1925.

Rehearing denied May 20, 1925.

1.—Passing Forged Check—Indictment—Held, Not Duplicitous.

Where the second count in an indictment charging the passing of a forged instrument contained the averment "and on back of which check there was endorsed and written L. W. Butcher," is not duplicitous in charging the making of the instrument, and passing it in one count.

2.—Same—Evidence—Identification of Signature—Non-Expert—Held Competent.

Where on a trial for passing a forged check, a witness who had qualified as being familiar with the signature of appellant, testified that the signature on the check was identical with appellant's signature, no error is shown, whether or not the witness be an expert in handwriting, such evidence being regarded by all the text writers, as in the nature of primary evidence. Underhill on Evidence, 3d Ed. Sec. 91; Wharton on Crim. Ev., Vol. 2, Secs. 551 and 552. Following Jackson v. State, 81 Tex. C. R. 51, 193. S. W. 301 and other cases cited. See other authorities cited.

3.—Same—New Trial—Affidavits in Motion—Not Considered.

Where affidavits of newly discovered evidence are attached to a motion for a new trial, they must be taken by some officer authorized to take affidavits. This requirement is not met where the affidavit is taken by the at-

torney who represents the accused, although he may also be a notary public. See Branch's Ann. Tex. P. C., Sec. 104 and cases cited, also Nothaf v. State (supra) and cases there collated.

ON REHEARING.

#### 4.—Same—Indictment—Not Duplicitous.

Upon a re-examination of the indictment herein, on rehearing, we find that our quotation from the second count of said indictment in the original opinion, was not accurate, the allegation being "and upon the back of which check the said Garner then and there wrote, and endorsed the name, L. W. Butcher." We now hold that such indorsement did not render said count duplicitous, and further that an objection to an indictment for being duplicitous, comes too late in a motion in arrest of judgment.

Appeal from the District Court of Liberty County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for passing a forged check; penalty, two years in the penitentiary.

The opinion states the case.

*E. B. Pickett, Jr.* and *E. T. Branch,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Unlawfully passing a forged check is the offense of which appellant stands convicted. Punishment is fixed at confinement in the penitentiary for two years.

The indictment contained three counts. The first charged forgery, the second charged that appellant knowingly passed as true a forged instrument, and the third charged that he knowingly had a forged instrument in his possession. The second count alone was submitted. In a motion in arrest of judgment this count was attacked upon the ground that it was duplicitous. Said count charged that appellant did unlawfully and knowingly pass as true to C. L. Aldrich a forged instrument (setting out the check in hec verba), and containing other necessary averments. The contention as to duplicity is based on an averment in the motion in arrest that the indictment contained an allegation "that upon the back of which check the said Garner then and there wrote and indorsed the name L. W. Butcher," it being urged that this was charging forgery in the same count which also charged a "passing." The allegation just quoted does not appear in the second count at all, but is found in the third count which was not submitted. The allegation relative to the indorsement of "Butcher" upon the back of the check as it appears in the second count reads, "and on back of which check there was indorsed and written L. W. Butcher." The point is not well taken.

The instrument made the basis of the prosecution is a check for $15.00 drawn upon the Cleveland State Bank, payable to the order of L. W. Butcher and signed "G. H. Garner," bearing date of April 21st, 1922. C. L. Aldrich testified that on the last named date a man came into his place of business representing himself to be L. W. Butcher, and bought some few articles of merchandise tendering the check in payment, which was accepted and the difference in value between the merchandise bought and the face of the check was paid in money by the witness; that the man purporting to be Butcher told Aldrich he lived in a certain community in the county some five or six miles from Cleveland. The payment of the check was refused by the bank and Aldrich went to appellant's place to make inquiry about Butcher. He testified that he immediately recognized appellant as the man who passed the check to him but did not make it known to appellant upon the occasion of his first visit but inquired if a man by the name of Butcher was working for appellant. To this appellant replied that he had no such party in his employment. Witness showed appellant the check at this time, then left, as he says, for the purpose of making further inquiry to ascertain if there was any such man as Butcher or G. H. Garner. Not being able to locate any such men later in the day he went back to appellant's place and at that time told him he was the man who passed the check some three or four days before; appellant denied this. Two witnesses testified to their acquaintance with the signature of appellant and to the identity of his handwriting with the signature on the alleged forged check. One of them qualified as an expert on handwriting and gave evidence favorable to the State touching the identity of the signature on the alleged forged check with the admitted handwriting of appellant on other checks and notes. Other witnesses testified favorably to the defendant upon these same issues. The evidence indicates that L. W. Butcher and G. H. Garner were both fictitious persons. Appellant presented the theory of alibi, which is accepted by the jury would have entitled him to an acquittal. He denied the transaction testified to by Aldrich and clamed never to have seen the check until it was exhibited to him at his farm.

Objection was interposed by appellant to the testimony of one Love that the signature on the alleged forged check was in the handwriting of appellant, on the ground that the witness "had not sufficiently qualified as an expert, nor otherwise qualified in such manner as to allow him to give his opinion on the subject." Where a witness shows himself to be familiar with the handwriting of one whose signature is under investigation, he is permitted to give his opinion relative thereto regardless of whether or not he be an expert in handwriting, such evidence being regarded by all the text writers as in the nature of primary evidence. Underhill on Evi-

dence, 3d Ed. Sec. 91; Wharton, on Crim. Ev., Vol. 2, Secs. 551 and 552. This principle has been recognized in many cases in our own state. Jackson v. State, 81 Texas Crim. Rep. 51, 193 S. W. 301; Haynie v. State, 2 Texas App. 168; Long v. State, 10 Texas App. 186; Kleck v. State, 97 Texas Crim. Rep. 423, 263 S. W. 316. The testimony of the witness Love is as follows:

"I know the defendant J. H. Garner. I have known him about nine years, I think. I am familiar with his signature. That signature (referring to the one upon the alleged forged check) is identical with J. H. Garner's signature, but his name is not. 'G. H. Garner', his name is 'J. H. Garner.' With the exception of that 'G. H.' that 'Garner' is identical with Jim's writing. If you want to know why I know, I have seen notes from Jim written with a pencil like this about some timber and different things; timber mostly. I didn't see him write that but I base my opinion on the fact that I am acquainted with his signature."

Greenleaf on Evidence states that one method by which a party may qualify to speak as to the identify of handwriting is from having seen,

"Letters, bills or other documents purporting to be in the handwriting of the party, and having afterwards presumably communicated with him respecting them and acted upon them as his, the party having known and acquiesced in such acts founded upon their opinions generally; or by such adoption of them into ordinary business transactions of life as induced a reasonable presumption of their being his own writing."

The statements from Underhill and Wharton (supra) are practically to the same effect. In Haynie (supra) Judge White quotes with approval from a Tennessee case the following:

" 'All that the rule of law contended for requires is that a witness who is called upon to prove handwriting shall be able to show that he has had such means of knowledge as to furnish a reasonable presumption that he is qualified to form an opinion upon the subject. And the opportunity of acquiring such knowledge, mentioned in the books on evidence, such as having seen the party write, having corresponded with him or seen writing acknowledged by him to be genuine, are only illustrative of the principle, and not to be understood as the only means whereby such knowledge may be acquired. If other means of knowledge, in the view of reason and common sense, will equally afford it, there can be no reason why the statement of such means of information shall not be held sufficient preliminary to an examination-in-chief in relation to the writing."

Mr. Wharton in §553, Vol. 2, (Cr. Ev.) says:

"A witness called to testify as to handwriting, and who establishes a prima facie case of acquaintance with the handwriting of the person whose signature is in dispute, will be admitted by the court to

testify, though before his admission he may be cross-examined as to his opportunities, so that his qualifications may be tested by the court. . . ."

Applying this test to the objection made to Love's testimony it shows the court was not in error in receiving it. The evidence aside from this witness shows that appellant's given name was "Jim"; that he was engaged in business connected with timber in some way. Love testified that he was familiar with appellant's signature. He refers to him as "Jim". He says the reason he knows that the "Garner" signed on the alleged forged check was in appellant's handwriting was because he had seen notes from "Jim," most of them written regarding timber. We think unquestionably this establishes a prima facie case of acquaintance on the part of the witness with the handwriting of appellant. No request was made of the court to permit a further preliminary examination of the witness with reference to his qualifications to speak, and no cross-examination relative to the matter was pursued after the State had turned him over to the defense.

Attached to the motion for new trial are some purported affidavits of various persons whose alleged testimony was relied upon as newly discovered evidence. This motion was controverted, and it seems the court heard evidence though it is not preserved in a manner to be considered. However, we have examined the motion and the affidavits attached. The adequacy of the diligence might be questioned, and the evidence does not seem to be of such character as would change the result upon another trial. Moreover, the affidavits attached to the motion are shown affirmatively to have been taken by one of the attorneys representing appellant. The evidence is merely cumulative and impeaching in its nature,—the kind of evidence that will not ordinarily require a new trial. See Branch's Ann. Texas P. C., p. 127, Sec. 198, and cases cited; also §§ 201, 202 and 203. An affidavit showing that the evidence was unknown to appellant or his attorneys before the trial, that the failure to discover it was not due to a want of diligence, that its materiality is such as would bring about a different result, is essential where the ground of the motion is newly discovered evidence. See Nothaf v. State, 91 Texas Crim. Rep. 378, 239 S. W. 216, and cases cited. It has been repeatedly declared that to receive attention an affidavit made by the witness who would testify to alleged newly discovered evidence must have been taken by some officer authorized to take affidavits. This requirement is not met where the affidavit is taken by the attorney who represents accused, although he may also be a notary public. See Branch's Ann. Texas P. C. §194, and cases cited; also Nothaf v. State, (supra) and decisions there collated.

Failing to find in the record any error that would warrant the reversal of the judgment, an affirmance is ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant directs attention to an error in our original opinion. We stated that in the second count it was averred that "on the back of which check there was indorsed and written L. W. Butcher." We were mistaken in this. The averment just quoted was in the first count which was not submitted. In order to make appellant's contention clear we quote the second count in the indictment which was the only one submitted:

"And the grand jurors aforesaid upon their oaths aforesaid do further present in and to said court that J. H. Garner, on or about the 21st day of April, A. D., 1922, and anterior to the presentment of this indictment, in the County and State aforesaid did then and there unlawfully and knowingly pass as true to C. L. Aldrich, a forged instrument in writing of the tenor following:

88-1003
### CLEVELAND STATE BANK
of Cleveland
Cleveland, Texas, April 21, 1922      No.——
PAY TO THE ORDER OF —— L. W. Butcher —— $15.00
fifteen and no hundredths —————— Dollars.
                        G. H. Garner.

"Which said instrument in writing the said Garner then and there well knew to be forged and did then and there so pass the same as true with intent to injure and defrand. *And upon the back of which check the said Garner then and there wrote and endorsed the name 'L. W. Butcher'.*"

The contention is that the last sentence which we have italicised, rendered said second count duplicitous in that it charged in one count the passing of a forged instrument, and also forgery in averring that appellant wrote the name of "L. W. Butcher" upon the back of said check. If is be true that the pleader did charge in one count both forgery and passing a forged instrument, there having been no motion to quash the indictment because of such alleged defect, the question was raised too late when presented by motion in arrest of judgment. Nelley v. State, 93 Texas Crim. Rep. 522, 248 S. W. Rep. 367; Kocich v. State, —— Texas Crim. Rep. ——, 249 S. W. Rep. 494; Lumus v. State, —— Texas Crim. Rep. ——, 250 S. W. Rep. 425; Brown v. State, —— Texas Crim. Rep. ——, 257 S. W. Rep. 891. However, we are not in accord with appellant in his contention that the second count charges forgery. A complete charge of passing a forged instrument is contained in said count without reference to the last sentence. If forgery was attempted to be charged in the last sentence, the pleader omitted the vital allegation that the name of "L. W. Butcher" was written without lawful authority

and with intent to injure and defraud. Forgery is not charged at all in said second count, and the sentence italicised might well be treated as surplusage.

We entertain no doubt that we were correct in holding the evidence of the witness Love to have been properly admitted.

The motion is overruled.

*Overruled.*