JOSE ORTEZ v. THE STATE.

No. 9334. Delivered June 24, 1925.

Rehearing Denied October 31, 1925.

1.—Possession of Still—Indictment—Arrest of Judgment—Comes too Late.

Where a motion in arrest of judgment complaining that the indictment is insufficient, in that it charges two offenses, it comes too late. A motion to quash should have been presented bvt in the instant case would have availed nothing, as an indictment which charges in one count possession of mash and a still, and equipment for the purpose of manufacturing intoxicating liquor, etc., only charges one offense.

2.—Same—Judgment and Sentence—Reformed.

The judgment and sentence is for manufacturing intoxicating liquor. The court submitted only the second count charging possession of the material etc. Such carelessness on the part of the clerk, is inexcusable. The judgment and sentence is reformed so as to adjudge and sentence appellant for possessing mash, a still, and equipment for manufacturing intoxicating liquor, and as so reformed, will be affirmed.

ON REHEARING.

3.—Same—Indictment—Two Counts—Charge of Court.

Where an indictment contains two counts, and only one is submitted in the court's charge, this is tantamount to an election, and a general verdict returned, such verdict will be held responsive to the count submitted in the charge, and an inaccurate verdict in such case will be reformed, on appeal by authority of Art. 938 of Vernon's C. C. P. Subdivision 9 of the notes under said article contain the collation of many pertinent authorities.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for possessing mash, a still and equipment for the purpose of manufacturing intoxicating liquor; penalty one year in the penitentiary.

The opinion states the case.

*G. W. Lindsey,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Kaufman County for the possessing of mash, a still and equipment for the purpose of manufacturing spirituous, vinous and intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant filed a motion in arrest of judgment, no motion to quash having been made. The motion came too late. Melley v. State, 93 Tex. Crim. Rep. 522. The motion in arrest suggests that the judgment is not legal because the indictment is insufficient in that it charges two separate and distinct offenses in one and the same count. The bill of exceptions complaining of the overruling of this motion is the only one appearing in the record. We perceive no merit in the motion. The indictment charged that, "Jose Ortez * * * in the County of Kaufman and State of Texas, did then and there unlawfully possess mash and a still and equipment for the purpose of manufacturing spirituous, vinous and intoxicating liquor", etc. This apparently charges one transaction and hence only charges one offense. There is no statement of facts in the record.

We observe that the judgment and sentence recite that appellant is adjudged guilty and sentenced for manufacturing intoxicating liquor. Such carelessness is unexcuseable. The court submitted only the second count in the indictment charging the possession of said material. The count charging manufacturing was not submitted. The judgment and sentence will be reformed so as to adjudge and sentence appellant to be guilty of possessing mash, a still and equipment for manufacturing intoxicating liquor, and as so reformed the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The indictment contained two counts, one charging the manufacture of intoxicating liquor and the other possession of equipment for the purpose of manufacturing such liquor. The charge of the court submitted only the second count and in same the learned trial judge gave the jury forms for verdicts in case of conviction, acquittal or suspended sentence. The jury's verdict was in favor of conviction and same followed the form given them by the court in such case. In spite of the fact that the court only submitted one count in the indictment and told the jury in the charge

that if they found the accused guilty of the offense submitted their verdict should be, "We, the jury, find the defendant guilty as charged in the indictment," etc., appellant now contends that he was found by the jury guilty under both counts and hence the verdict would not support a judgment. Mr. Branch cites many cases on p. 332 of his Annotated P. C. supporting the proposition that the charge may be looked to in aid of a verdict. The exact contention of appellant was before the court in Chappell v. State, 58 Tex. Crim. App. 401, and there decided adversely to said contention.

We are unable to agree with appellant in his proposition that we are without power to reform the judgment. Art. 938, Vernon's C. C. P., expressly confers such power, and under subdivision 9 of the notes under said article are collated many pertinent authorities.

The motion for rehearing will be overruled.

*Overruled.*