FRANCISCO VILLALVA, JR., V. THE STATE.

No. 21414. Delivered February 5, 1941.
Rehearing Denied May 28, 1941.

*Affirmed.*

The opinion states the case.

*Harry V. Fisher,* and *Mae M. Ament,* both of Alpine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

HAWKINS, Presiding Judge.

Conviction is for burglary, punishment assessed being three years in the penitentiary.

No bills of exception are found in the record. The only question, therefore, would be the sufficiency of the evidence to support the verdict. Unfortunately, when we go to the statement of facts we find it to be entirely in question and answer form, against the repeated holdings of this court that such a statement of facts would not be considered, and contrary to the positive direction of the Legislature that such statement of facts should be in narrative form. The First Called Session of the 42d Legislature, at page 78, amended subdivision 1 of Art. 760 C. C. P. (Revision of 1925) to make it read:

"Where the defendant in a criminal case appeals he is entitled to a statement of facts certified by the trial judge and sent up with the record; *provided that said statement of facts shall be in narrative form.*"

See cases listed under Note 23 of Art. 760, Vernon's Tex. C. C. P. (Pocket Part) and Henry v. State, 133 Tex. Cr. R. 435, 111 S. W. (2d) 722, and cases therein cited.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The indictment, omitting formal averments, charged that appellant and others named did "break and enter a house * * * occupied and controlled by Lowie Ritchey with the intent then and there to commit theft, and * * * did then and there fraudulently take from the said house and from the possession of the said Lowie Ritchey three (3) cases of beer of the value of eight dollars ($8.00) the same being the corporeal personal property of the said Lowie Ritchey, without the consent of the said Lowie Ritchey, and with the intent to deprive the said Lowie Ritchey of the value thereof, and to appropriate the same to the use and benefit of" appellant and the other parties named.

The trial court instructed the jury that appellant was charged "by indictment in this case with the commission of the offense of burglary." He also told the jury if they found appellant broke and entered the house with the intent to commit theft they would find him guilty of burglary. The verdict returned found appellant "guilty as charged in the indictment." He was by the judgment entered adjudged to be guilty of burglary. The sentence recites that he was adjudged guilty of burglary.

Appellant raised no question as to the form of the indictment by motion to quash, by motion for new trial, nor even mentioned the subject upon original submission. For the first time in a motion for rehearing in this court he urges that the indictment was duplicitous in that it charges in the same count both burglary and theft, and that the theft charged was a misdemeanor, and that a felony and a misdemeanor cannot properly be charged as was here done.

There can be no question that the present indictment charges

the offense of burglary, and also the completed offense of theft. We do not approve of the form of such indictment although it follows form No. 625, Wilson's Tex. Cr. Forms, 4th Ed. We think form No. 624 to be much more preferable, which charges burglary *with intent to steal,* and thus avoids the question here belatedly raised.

Appellant relies largely on Miller v. State, 16 Tex. Cr. App. 417 as supporting his contention that the present judgment of conviction cannot stand. The indictment in Miller's case was practically the same as here found, and the court submitted only the issue of burglary, but confusion was apparent in that record which is absent from the one now before us. In Miller's case the judgment entered against him was for "robbery" of which offense there was no charge against him whatever. He was sentenced for "theft and burglary," thereby indicating that the trial judge considered that he had been convicted for both offenses. We find no such confusion in the present record. It clearly shows that the jury could not have understood that appellant could be punished for both theft and burglary, but was on trial for burglary alone.

The indictment being sufficient to charge the offense of burglary the district court had jurisdiction to try it. It had no jurisdiction to try a misdemeanor theft case and did not undertake to do so.

In the question raised by appellant in his motion for rehearing he apparently proceeds on the theory either that duplicity in an indictment renders it void and subject to attack at any time, or that the question of duplicity is not required to be raised in limine, but may be raised at any time even for the first time in the appellate court. Appellant is in error in each instance. We think the opinion in Melley v. State, 93 Tex. Cr. R. 522, 248 S. W. 367, settles both propositions against appellant. In the opinion on rehearing is found the following language:

"Appellant earnestly urges a rehearing. His principal insistence is that the indictment being unquestionably duplicitous, his motion in arrest of judgment for said reason, should have been granted. A practically unbroken line of authorities in this State holds that it is *not a fundamental defect* to charge more than one separate and distinct offense in the same count in an indictment or information, that it can be waived, and

unless raised by motion to quash or in limine, it cannot thereafter be relied upon. * * * Duplicity is not a fundamental error in the indictment and does not render it void but voidable. We are cited to no well considered authority and know of none holding to the contrary. The case of Woods v. State, 84 S. W. Rep. 1058, which is cited by appellant, without analysis or discussion, and upon the authority Pisano v. State, 34 Texas Crim. Rep. 63, and Heineman v. State, 22 Texas Crim. App. 44, holds that a motion in arrest of judgment aimed at duplicity in an indictment should be sustained. Neither authority cited therein supports the proposition. In Pisano's case it was held that there was no duplicity, and in Heineman's case a motion to quash was presented in limine. Insofar as the Woods case, supra, is contrary to the present holding it is overruled."

The original opinion mentioned a lack of harmony in the decisions as to the time when the question of duplicity must be raised, and reviewed many authorities on the subject. We quote from the Melley opinion:

"One accused of an offense may protect himself against the disadvantage of a trial under a duplicitous indictment by a motion to quash or exception to the indictment, or he may demand an election by the prosecution, but failing to avail himself of one of these privileges, he cannot, according to the weight of authority, avail himself of this defect in the indictment after verdict." In Bishop's New Cr. Proc., Vol. 1, 2d Ed., Secs. 442 and 443, appears the following text:

"It is plain in reason, and so we shall find most of the authorities to be, that since the rule against duplicity stands in the law as a privilege to defendants, they may waive it. * * * If the defendant did not object before (the verdict) it has been demonstrated that the duplicity did him no harm; and by being silent when, if ever, he must have felt the hurt, he has waived all right to complain. Such is the doctrine both of reason and of the better and more numerous, yet divided, authorities."

A great number of cases are cited in Melley's case supporting the conclusions there announced, and since the opinion in that case in 1923, it has been the uniform holding that the question of duplicity must be raised in limine. See Kocich v. State, 94 Tex. Cr. R. 74, 249 S. W. 494; Lumus v. State, 94 Tex. Cr. R. 191, 250 S. W. 425; Brown v. State, 96 Tex. Cr. R. 409, 254 S. W. 495; Wimberly v. State, 98 Tex. Cr. R. 152, 265 S. W. 155;

Garner v. State, 100 Tex. Cr. R. 626, 272 S. W. 167; Ortez v. State, 101 Tex. Cr. R. 471, 276 S. W. 236; Tuckness v. State, 101 Tex. Cr. R. 483, 276 S. W. 277; Meyer v. State, 108 Tex. Cr. R. 77, 299 S. W. 259; Ramsey v. State, 108 Tex. Cr. R. 182, 299 S. W. 411; Everett v. State, 112 Tex. Cr. R. 339, 16 S. W. (2d) 1116; Anderson v. State, 113 Tex. Cr. R. 450, 21 S. W. (2d) 499; Dellinger v. State, 115 Tex. Cr. R. 480, 28 S. W. (2d) 537; Pope v. State, 117 Tex. Cr. R. 13, 35 S. W. (2d) 412; Boyd v. State, 118 Tex. Cr. R. 532, 39 S. W. (2d) 55; Roberts v. State, 125 Tex. Cr. R. 101, 67 S. W. (2d) 283.

The trial court having jurisdiction to try appellant for the offense of burglary of which he was convicted, and the complaint of duplicity coming too late, even if it be conceded that the indictment was duplicitous, appellant's motion for rehearing is overruled.