**Summie Rex BENNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42688.**

Court of Criminal Appeals of Texas.

April 1, 1970.

Rehearing Denied June 17, 1970.

Tom Upchurch, O. R. Wright, Jim Durham, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty., and John B. Reese, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

The offense is attempted burglary; the punishment, enhanced by two prior convictions, life.

Notice of appeal was not given within the time prescribed by Art. 44.08(c) Vernon's Ann.C.C.P., and there is nothing in the record to show that the trial court for good cause shown, permitted the giving of such notice after the 10 days allowed had expired.

The appeal is dismissed.

## OPINION ON MOTION TO REINSTATE

DOUGLAS, Judge.

It has been made to appear that notice of appeal was timely given in open court. The appeal is reinstated.

Complaint is made in the first ground of error that the court erred in overruling his motion to quash the indictment on the grounds that it did not establish with certainty the exact charge upon which appellant was being tried in that two separate felonies were charged in the same indictment. That part of the indictment complained of recites that Summie Rex Bennett "[d]id then and there unlawfully attempt to *and* by force, break and enter a house there situate and occupied and controlled by Montie M. Townsend with the intent then and there fraudulently to take therefrom the corporeal personal property therein being and then and there belonging to the said Montie M. Townsend, from the possession of the said Montie M. Townsend, without his consent, and with the intent to deprive the said Montie M. Townsend of the value of same, and to appropri-

ate the said property to the use and benefit of him, the said defendant; and the said defendant in carrying out said design to break and enter with the intent aforesaid did then and there attempt to knock a hole in the roof of said house; * * * "

No motion to quash the indictment was made until after the plea had been entered and after a witness had testified.

It appears that the intention of the pleader to charge attempted burglary is shown. The photographed copy of the indictment shows that the words "attempt to" were apparently inserted and typewritten and that the words immediately preceding and immediately following (including the word "and") were printed. The allegation "[a]nd the said defendant in carrying out said design to break and enter with the intent aforesaid did then and there attempt to knock a hole in the roof of said house" would be required in an attempted, but not in a burglary, case. Such an allegation is inconsistent with the allegations required in a burglary indictment where breaking is generally required.

█ The rule is well established that where the intentions of the pleader can be ascertained from the pleadings, then the portions unnecessary may be disregarded as surplusage. Odle v. State, 139 Tex.Cr.R. 288, 139 S.W.2d 595; Jennings v. State, 88 Tex.Cr.R. 639, 229 S.W. 525. The word "and" after the words "attempt to" can be treated as surplusage.

█ Even if the indictment were held to be duplicitous such is not a fundamental defect to charge more than one separate and distinct offense in the same count, and "[i]t can be waived, and, unless raised by motion to quash or in limine, it cannot thereafter be relied upon. * * * Duplicity is not a fundamental error in the indictment and does not render it void but voidable." Villalva v. State, 142 Tex.Cr.R. 120, 151 S.W.2d 222; Melley v. State, 93 Tex.Cr.R. 522, 248 S.W. 367.

The first ground of error is overruled.

The sufficiency of the evidence is challenged in the second ground of error. Montie M. Townsend testified that he was the owner and had possession of the Avondale Pharmacy in Amarillo and that he did not give anyone permission to enter or knock a hole in the roof of his building. He was called to his place of business after midnight on August 9, 1968, and saw that an attempt had been made to cut a hole in the roof of the building by some means and that someone had chipped through the gravel, the tar and a finer substance to the steel decking of the roof.

L. G. Brady testified that he worked and was on duty at the pharmacy some time after seven o'clock p. m. on August 8 when the appellant had asked for some cough syrup which contained codeine. Appellant asked for and was granted permission to use the restroom which was down a hall in the back part of the building. Appellant went to the back of the building and remained there some four or five minutes, and during this time Brady heard the loud squeaky door of the storeroom. A few minutes later Brady, who was making a delivery, saw appellant and another man drive away from the store down an alley in a red Plymouth automobile he thought to be a 1963 or 1964 model. He memorized its license number, relayed it to Mr. Newton, the pharmacist, who then called the owner.

M. K. Newton, a pharmacist at the pharmacy, testified that appellant came into the store at approximately 7:30 or 8:00 p. m. and went to the restroom, which was across the hall from the storeroom; he returned and asked for a non-prescription cough syrup containing codeine. The store closed at 9:00 p. m. the night in question.

Randy Merrell testified that he was sixteen years of age, lived in Pennsylvania with his mother (who had remarried) and was visiting his father, Kenneth McGilvrey, who lived across the alley from the Avondale Drug. On the night in question, at approximately midnight, he was walking from a radio station to his father's house and saw appellant and two other men riding in a fairly new red Plymouth which was driven in a parking lot near the pharmacy, and it went slowly in front of the store windows and turned around and went down the alley.

Kenneth L. McGilvrey testified that his son came home from the radio station after eleven o'clock and within twenty or thirty minutes there were some shots, and he directed officers to another yard where he saw a man run, and the officers apprehended a man (who was not identified in the record until the hearing on the motion for new trial).

Kenneth Fahnert of the burglary division of the Amarillo Police Department testified without objection that he had received a call that night about someone in a red car with Texas License BT(___) 321 trying to buy narcotics at a drugstore, and he and Detective Dowlen drove to several drugstores including the Avondale Pharmacy to see if he could find a red 1965 Plymouth with License No. BTK 321 which had been "checked out" several nights before. As they drove down the alley at the Avondale Pharmacy, Detective Dowlen said, "There is a man hiding there." Fahnert stopped and by looking through a side mirror of the police car saw appellant hiding behind a Dempsey Dumpster (which appears from its photograph in the record to be a large garbage or trash container) adjacent to the building. Appellant was crouched down on his hands and knees against the side of the building. Detective Dowlen jumped out of the car and the man ran and they were unable to apprehend the man in the chase that night.

Bobby J. Dowlen, a detective, testified to substantially the same facts as did Officer Fahnert. He did not identify the appellant as the man hiding behind the store, but gave a description of the man he saw and stated that the man was some thirty feet away by the time he got out of the car. He call-

ed for the man to stop and fired a shot into the air and started to chase him. Later the officers found a pair of gloves between the Dempsey Dumpster and the wall of the pharmacy building, and a red crowbar across the alley a short distance away. A sledge hammer and chisel were found near another Dumpster a short distance down the alley. Photographs of the location and of the gloves and tools were introduced.

Harold Mann of the Amarillo Police Department testified that at approximately midnight of the night in question he found a 1965 Plymouth with license number BTK 321 about a half a block from the pharmacy.

A photograph of the top of the pharmacy building was introduced into evidence, and it showed that the gravel and tar of the roof had been torn loose. The place of the attempted entry was shown to be above the storeroom.

Appellant in his brief complains that Officer Fahnert could not have possibly identified him in the alley when he stopped, because of darkness. Officer Fahnert testified that the taillights were on and that the brake lights came on as he stopped, and that appellant was some two feet back of the car when it stopped and that there was no doubt in his mind about the man being the appellant.

The jury is the judge of the credibility of the witnesses and the weight to be given their testimony, and from the verdict, the jurors apparently believed the officer.

In summary, appellant was in the pharmacy in the evening before the burglary. When he went to the back of the building an employee heard the door to the storeroom squeak. Appellant was seen in a late model red Plymouth automobile before 9 p. m. and was seen in an automobile of the same description in the alley at approximately 11:00 p. m. He was seen crouched down by a garbage container when the officers drove down the alley a short time later, and he fled. Thereafter a pair of gloves and a crowbar were found where he was hiding. The automobile or one like the one that he had been seen riding in was found a half block away.

The evidence shows an attempted burglary above the storeroom and is sufficient, viewed in the light most favorable to the jury's verdict, to show appellant's participation in the offense.

█ Complaint is made in the third ground of error that the court erred in overruling the motion for new trial where appellant contended there was newly discovered evidence. It is contended that W. L. Reese was the newly discovered witness. Reese testified at the hearing that he, Donnie Tyler and Freddie Salazar attempted to burglarize the Avondale Pharmacy, but that appellant had nothing to do with it. Reese admitted that Honorable George McCarthy, appellant's trial counsel, attempted to discuss the case with him before appellant's trial. Reese further testified that he did not intend to come forward with the testimony unless Bennett was convicted. On cross-examination he testified that Salazar was apprehended near the pharmacy that evening. The court found that Reese was under indictment for the attempted burglary.

In view of the fact that Reese had been indicted for the offense and appellant's counsel had talked to or attempted to discuss the facts with Reese, the evidence is not newly discovered. The third ground of error is overruled.

█ In the fourth ground of error, it is contended that Article 63, Vernon's Ann.P. C., the habitual criminal statute, is unconstitutional because it provides for a penalty of life for a third offender, and this is cruel and unusual punishment. Like contentions have been made and overruled by this Court. See Redding v. State, 159 Tex. Cr.R. 535, 265 S.W.2d 811, cert. denied 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661. See also Spencer, [Bell v. State] and [Reed v. Beto] v. Texas, 385 U.S. 554, 87 S.Ct. 648,

17 L.Ed.2d 606, reh. denied, 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125.

The fourth ground of error is overruled.

The judgment is affirmed.