Danny Charles **PETERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47824.

Court of Criminal Appeals of Texas.

May 8, 1974.

H. Thomas Hirsch, Odessa, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist Atty., Midland, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for assault with intent to murder with malice. Punishment was assessed by the jury at twenty-five years.

While the sufficiency of the evidence to support the conviction is not challenged, the nature of the case merits a brief recitation of the facts in order that contentions raised herein may be discussed with greater clarity.

The record reflects that Officer Jesse Robbins was working undercover in Midland on March 11, 1972, in an effort directed toward the apprehension of prostitutes. About 11:40 p. m. on said date Robbins was driving by the Jones Hotel when a woman, later identified as Barbara Nell Anthony, hollered, "Hey, hey baby." In response to the greeting, Robbins stopped the car and Anthony said, "Hey, baby what you looking for? You want to f---?" Twenty dollars was quoted as the requisite fee by Anthony. Robbins invited her to get in his car and drove toward the Midland police station. En route, the officer identified himself and advised Anthony that she was under arrest. Anthony started hitting Robbins, honking the horn of the automobile, and brought the car to a stop by pulling the keys from the ignition. Appellant approached the car and asked, "What are you doing to that girl?" Robbins told appellant that he was an officer and that the girl was under arrest. Appellant exhibited a pistol and said, "You let that girl go." Robbins got out of the vehicle and appellant told Anthony to get his gun. Robbins stated that he would get the gun for appellant, that "She is under arrest for prostitution, and it is not worth anyone getting shot over." At this juncture, Robbins stated that he picked up his gun where his finger would not be around the trigger " . . . with my palm open. . . . " At this point in time appellant shot Robbins.

At the outset appellant challenges the sufficiency of the indictment in that the indictment injects the element of malice aforethought to an Article 1160a, Vernon's Ann.P.C.[1] indictment, and that the indict-

1. Article 1160a, V.A.P.C. provides:
   " . . .
   "Sec. 2. A person who assaults a peace officer with intent to murder while said officer is in performance of his official duty, knowing that the person assaulted is a peace officer, is guilty of a felony and upon conviction is punishable by imprisonment in the penitentiary for life or for any term of years not less than two. Acts 1969, 61st Leg., p. 1575, ch. 480, emerg. eff. June 10, 1969."
   Article 1160, V.A.P.C., provides:

   "Section 1. If any person shall assault another with intent to murder, he shall be confined in the penitentiary for not less than two (2) nor more than twenty-five (25) years, provided that if the jury finds that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three (3) years confinement in the penitentiary; and provided further that in cases where the jury finds such assault was committed without malice but was made with a Bowie knife or dagger as those terms are

ment does not set forth with particularity an offense so as to notify a person of the charge he has to defend against.

The pertinent portion of the indictment reads:

". . . did then and there unlawfully and with malice aforethought shoot Jesse Robbins with a pistol with the intent then and there to murder the said Jesse Robbins; the said Jesse Robbins then and there being a peace officer, to wit, an officer of the Midland Police Department of Midland County, Texas, in the lawful discharge of the duties of said office; and the said Danny Charles Peterson then and there knew that the said Jesse Robbins was then and there a peace officer performing his official duties, . . ."

Appellant urges that the indictment is faulty on its face in that malice aforethought is not a part of the offense set forth in Article 1160a, V.A.P.C., that it fails to give notice of the crime charged, and that the indictment will not support a conviction.

In Steambarge v. State, Tex.Cr.App., 440 S.W.2d 68, this court said:

"The provisions of Art. 21.24, Vernon's Ann.C.C.P., that an indictment may not charge more than one offense does not prohibit alleging several ways in which an offense was committed or charging more than one offense based upon the same incident or transaction."

The indictment in the instant case is sufficient to charge "assault [upon] a peace officer with intent to murder" under Article 1160a, V.A.P.C. and "assault with intent to murder" under Article 1160, V.A. P.C.

In Bennett v. State, Tex.Cr.App., 455 S. W.2d 239, it was stated:

"Even if the indictment were held to be duplicitous, such is not a fundamental defect to charge more than one separate and distinct offense in the same count, and '[i]t can be waived, and, unless raised by motion to quash or in limine, it cannot thereafter be relied upon. * * * Duplicity is not a fundamental error in the indictment and does not render it void but voidable.' Villalva v. State, 142 Tex.Cr.R. 120, 151 S.W.2d 222; Melley v. State, 93 Tex.Cr.R. 522, 248 S.W. 367." [2]

■ While the indictment in the instant case was duplicitous, it was not void and an objection to such indictment raised for the first time on appeal comes too late. Bennett v. State, supra; Edison v. State, 172 Tex.Cr.R. 313, 356 S.W.2d 692.

"In determining whether or not the indictment supports the conviction the material inquiry is not whether the allegations are appropriate in charging the violation of some other statute, but whether the indictment contains the allegations necessary to show the commission of the offense which is submitted to the jury and for which he is convicted." Gomez v. State, 126 Tex.Cr.R. 30, 280 S.W.2d 278; Welcome v. State, Tex.Cr.App., 438 S.W.2d 99.

■ The indictment in the instant case, while duplicitous in charging violations of Articles 1160 and 1160a, V.A.P.C., was not fundamentally defective and was sufficient

---

defined by law, or with any kind or type of a knife, or in disguise, or by laying in wait, or by shooting into a private residence, the penalty shall be doubled. As amended Acts 1961, 57th Leg., p. 706, ch. 331, § 1."

2. The only attack made upon the indictment came at the close of the testimony when appellant dictated a motion to quash the indictment in which he urged the indictment

could be interpreted as charging "assault with intent to murder a peace officer" and "aggravated assault" and in the alternative requested the court to submit only the issue of aggravated assault to the jury. Such motion did not raise objections to the indictment voiced on appeal but appellant urges the defects pointed to on appeal render the indictment fundamentally defective.

to support a conviction of assault with intent to murder.

◼ Appellant contends that the court erred in permitting Robbins to testify to a conversation with Barbara Nell Anthony which occurred out of the presence of appellant.

Appellant's contention is directed to all of Robbins' testimony about his conversation with Anthony outside of the presence of appellant. A review of appellant's objection in the trial court as well as the argument advanced in his brief reflects that appellant's concern is directed to Robbins' testimony that he told Anthony he was a police officer.

Anthony testified in behalf of appellant, and, while her version of the events which transpired after she got in the car with Robbins varies somewhat from the testimony of Robbins, the record reflects the following testimony was elicited from Anthony:

"Q. Now while you were in the car, the man did tell you he was a police officer, is that not accurate?

"A. Yes, he did."

Thus, appellant's witness testified to the very statement about which he appears to complain.

Appellant's argument that the complained of conversation was harmful to his defense that he did not know Robbins was an officer is clearly without merit. Patently, if appellant were not present when the conversation occurred, Robbins' statement to Anthony did not serve to put appellant on notice that Robbins was an officer and would appear to lend credence to appellant's defense.

We perceive no error.

Appellant's fourth contention is directed to the court admitting testimony of Officer Reeves as to his conversation with Anthony out of the presence of the appellant.

◼ This contention does nothing further to identify the complained of testimony nor does it point to any adverse ruling by the court. No discussion or argument is advanced in support of the general allegation of error. No authorities are cited. Nothing is presented for review. Article 40.09, Section 9, Vernon's Ann.C.C.P.

In appellant's next three contentions appellant urges that the court erred in its charge to the jury: (1) in submitting a definition of charge of assault with intent to murder with malice for the reason that same is not a lesser and included offense of assault with intent to murder a peace officer; (2) in charging the jury with the definition of assault with intent to murder without malice for the reason that the same is not a lesser and included offense of assault with intent to murder a peace officer; and (3) in charging the jury with the definition of assault with intent to murder without malice for the reason that there is no such offense as assault with intent to murder a peace officer without malice.

◼ This court has consistently held that an appellant's contentions are not before this court for consideration where neither written objection to the court's charge nor a written request for the charge desired was filed with the trial court. Articles 36.14 and 36.15, V.A.C.C.P.; Nichols v. State, Tex.Cr.App., 494 S.W. 2d 830. Objections dictated to the court reporter (as in the instant case) are not sufficient to preserve error. Louden v. State, Tex.Cr.App., 491 S.W.2d 168; Ross v. State, Tex.Cr.App., 486 S.W.2d 339; Woods v. State, Tex.Cr.App., 479 S.W.2d 952; Fennell v. State, Tex.Cr.App., 460 S. W.2d 417. Where objection is not made to the court's charge in accordance with Article 36.14, V.A.C.C.P., a case will not be reversed on appeal because of an error in the charge unless the error was calculated to

injure the rights of the defendant, or unless it appears that he has not had a fair and impartial trial. Article 36.19, V.A.C.C.P.; Jefferson v. State, Tex.Cr.App., 487 S.W.2d 331; Aston v. State, 120 Tex.Cr.R. 534, 48 S.W.2d 292. Thus, we are confronted with the question of whether the alleged errors in the court's charge constituted fundamental error.[3] See Whitson v. State, Tex.Cr.App., 495 S.W.2d 944; Jefferson v. State, supra.

■ While we agree with appellant that the offense of assault with intent to murder is not a lesser included offense of assault upon a peace officer with intent to murder,[4] we are not here confronted with this problem. The question before us is one of whether the duplicitous indictment contains all the necessary allegations to authorize the charge and support the conviction. See Martinez v. State, Tex.Cr.App., 494 S.W.2d 182; Reeves v. State, Tex.Cr.App., 428 S.W.2d 320. Applying this test we find that the court's charge conforms to the allegations in the indictment and authorized a conviction under a theory (assault with intent to murder with malice) charged therein. We conclude that fundamental error is not present in the court's charge and reject appellant's fifth, sixth and seventh contentions.

Appellant next contends the court "erred in proceeding on to the punishment stage for the reason that the defendant was found guilty of assault with intent to murder with malice aforethought which is not a lesser and included offense of assault with intent to murder a peace officer."

The jury's verdict reads:

"We, the jury, find the defendant, Danny Charles Peterson, guilty of the offense of assault with intent to murder with malice aforethought, a lesser included offense of assault with intent to murder a peace officer with malice aforethought, as alleged in the indictment in this cause."

Appellant contends the verdict is fatally defective because assault with intent to murder with malice is not a lesser included offense of assault with intent to murder a police officer. He asserts the verdict amounts to a finding of not guilty of the Article 1160a, V.A.P.C. offense charged by the indictment.

■ The verdict in a criminal case must be responsive to the offense charged in the indictment, but surplusage can be disregarded if the intent of the jury is clear. Ballard v. State, Tex.Cr.App., 438 S.W.2d 924; Mansell v. State, Tex.Cr.App., 364 S.W.2d 391. A jury verdict will be held to be sufficient if its meaning can be reasonably ascertained from the words used. Where the error in the charge is in the form of the verdict and there is no prejudice to the rights of the accused the error is harmless. Cupp v. State, 127 Tex.Cr.R. 10, 74 S.W.2d 701 (on motion for rehearing).

■ In the instant case no harm resulted to appellant from inclusion of the "lesser included offense" phrase in the verdict. The conviction was of an Article 1160, V.A.P.C. offense fully alleged in the indictment. No error is shown.

Appellant next contends that the court erred in that the additional element of malice aforethought was added to the offense of assault with intent to murder a peace officer in the court's instruction.

---

3. Examples of fundamental error in a court's charge: omission of a requirement to find an essential element of the offense charged, Mendoza v. State, Tex.Cr.App., 491 S.W.2d 888; authorization of conviction under a theory not charged in the indictment, Ross v. State, Tex.Cr.App., 487 S.W.2d 744.

4. See Flores v. State, Tex.Cr.App., 487 S.W.2d 122; Ellard v. State, Tex.Cr.App., 507 S.W.2d 198 (1974).

Appellant's objection to this phrase of the charge was dictated to the court reporter and therefore presents nothing for review. The complaint here urged does not constitute fundamental error in the court's charge. As heretofore noted the indictment and charged authorized the conviction herein. Further, while malice aforethought is not an element of assault with intent to murder a police officer, appellant does not point out what harm, if any, resulted from a charge which placed an additional burden on the State. See Atwood v. State, 96 Tex.Cr.R. 249, 257 S. W. 563.

No error is shown.

Lastly, appellant complains of the court's preambles to instructions in the charge which read, "You will next consider whether or not the defendant is guilty of the offense of . . . 'assault with intent to murder with malice aforethought' . . . 'assault with intent to murder without malice aforethought' . . . 'aggravated assault.' "

Again, appellant's objection is not in compliance with Article 36.14, V.A. C.C.P., in that same was dictated to the court reporter and presents nothing for review. Louden v. State, supra; Ross v. State, supra. Clearly, fundamental error is not shown. Even if appellant's objection were properly preserved, error is not shown. A charge must be read as a whole and review not limited to parts standing alone. Whitson v. State, Tex.Cr.App., 495 S.W.2d 944; Daniel v. State, Tex.Cr.App., 486 S.W.2d 944. The charge properly places the burden on the State in proving guilt of appellant and, after reading the charge as a whole, we cannot agree that the complained of portions of the charge amount to an instruction to convict.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.