**Haskell PRESTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–115–CR.**

Court of Appeals of Texas, Texarkana.

May 4, 1982.

Rehearing Denied May 25, 1982.

James S. Moss, Bonham, for appellant.

Dan Meehan, Dist. Atty., Bonham, for appellee.

BLEIL, Justice.

Haskell Preston appeals his theft conviction and sentence of ten years confinement. We overrule his two grounds of error and affirm.

In the court's charge to the jury, a portion of the typewritten instructions was crossed out. The typed charge stated that appropriation of property is unlawful if it is without the owner's effective consent or the property is stolen and it is appropriated by one knowing it was stolen by another. The indictment did not charge Preston with unlawfully appropriating property known by him to be stolen. A portion of the charge,

has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14. . . .

dealing with appropriation of property known to be stolen, was crossed out in ink. Nevertheless, Preston urges that giving the charge with the crossed out typewritten portion was fundamental error. He says that the jury was instructed on an unalleged manner of committing the offense, and that the court merely emphasized the erroneous part of the charge by crossing through it in a manner which allowed the crossed out portion to remain legible.

We presume that the charge, with delineation, was the one certified and filed before being read to the jury. Tex.Code Crim.Pro.Ann. art. 44.24(a) (Vernon 1979). And, absent some showing to the contrary, we presume the jury followed the instructions given them by the court and thus did not consider matters crossed out of the charge. We find no error. If there were error it would not be fundamental and because no objection was made to the charge at trial, nothing is presented for review. *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr. App.1979); *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App.1974); Tex.Code Crim.Pro. Ann. art. 36.19 (Vernon 1981).

As a further point, Preston contends his sentence is invalid because it was pronounced before the court denied his motion for new trial. We find no merit in this contention.

The judgment is affirmed.