**Affirmed and Memorandum Opinion filed February 13, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-01060-CV

_____

### CARRIE ANN ELISONDO BERRY, Appellant

### V.

### JUAN A. ESPINOZA, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF EVANGELINA FLORES SAENZ, DECEASED, Appellee

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 454323-401**

## MEMORANDUM OPINION

We consider two questions in this appeal: (1) whether proof from a handwriting expert is necessary to establish a forgery, and (2) whether mental-anguish damages may be recovered in a claim for "compassion fatigue." For reasons explained more fully below, our answer to both of these questions is "no."

## BACKGROUND

In the course of administering his deceased mother's estate, Juan Espinoza sued his sister, Carrie Berry, alleging among other things that Berry had forged the signatures on multiple deeds, including one deed that she had notarized herself. Espinoza also sued an insurance company, which had posted a bond guaranteeing Berry's services as a notary. The insurance company settled with Espinoza, but Berry, proceeding pro se, asserted a counterclaim against Espinoza for compassion fatigue, seeking damages for having been their mother's sole caretaker in her final years.

Espinoza filed two motions for partial summary judgment, seeking to quiet title to the two properties in dispute. In both motions, Espinoza relied on evidence from lay witnesses to show that the signatures on the deeds had been forged. Berry did not respond to either motion.

The trial court granted both motions, and at a later hearing, the trial court ruled that Berry's claim for compassion fatigue was not actionable as a matter of law. After a bench trial on attorney's fees, the trial court merged these various rulings into a final judgment, from which Berry now appeals.

## ANALYSIS

Berry continues to prosecute this case without legal representation, and her brief is somewhat difficult to follow. She asserts five issues in the "Issues Presented" portion of her brief, and a completely different set of issues in her "Summary of the Argument." As for the "Argument" section, Berry complains of only two issues. We limit our review to the two argued issues because Berry has not adequately briefed the others and so has waived merits review of them. *See San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no

pet.); *Fox v. Alberto*, 455 S.W.3d 659, 663 n.1 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Berry begins her first issue with this assertion: "The trial court erred in awarding [Espinoza] a Partial Summary Judgment for Fraud Based on Forgery." Berry does not identify which of the two motions (or both) that she is challenging, nor does she specifically explain why the summary judgment was improper. And in a follow-up sentence, her focus shifts away from the summary judgments to Espinoza's settlement with the insurance company, which she attacks in these words: "There is no evidence of forgery in the record to support the grounds for a settlement and approving a Compromise and Settlement Claim . . . without proper significant evidence from [a] Forensic Handwriting Expert or witness who will testify that he/she saw [Berry] prepare, notarize and sign [Espinoza's] name."

If we liberally construe these quoted sentences, which compose nearly the entirety of her argument, Berry appears to be arguing that we must set aside both the summary judgments and the settlement because there was no expert evidence that she had actually forged the signatures on any of the deeds in question. This argument fails on the merits because expert proof is not necessary in civil cases to establish a forgery. *See Kindsfather v. Green*, No. 01-06-01111-CV, 2008 WL 2186402, at *3 (Tex. App.—Houston [1st Dist.] May 22, 2008, no pet.) (mem. op.) (as proof of a forgery, the summary-judgment movant relied on the affidavit testimony of a notary to establish that the grantor of a deed had not appeared before him); *see also* Tex. R. Evid. 901(b)(2) (providing that handwriting may be authenticated with the opinion testimony of a nonexpert). The same holds true in criminal cases. *See Garner v. State*, 272 S.W. 167, 169 (Tex. Crim. App. 1925) ("Where a witness shows himself to be familiar with the handwriting of one whose signature is under investigation, he is permitted to give his opinion relative thereto regardless of whether or not he be an

expert in handwriting; such evidence being regarded by all the textwriters as in the nature of primary evidence."). We overrule Berry's first issue.

In her second issue, Berry complains about the trial court's ruling that she may not recover any mental-anguish damages under a theory of compassion fatigue. Berry had pleaded that Espinoza was liable for these damages because he never "offered nor contributed in any way, shape or form, to the well being of his Mother," and because he left the burdens of caretaking to Berry instead. Insofar as Berry alleged that Espinoza was negligent, the trial court correctly ruled that, as a matter of law, mental-anguish damages are not recoverable. *See Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993) ("There is no general duty not to negligently inflict emotional distress."). And insofar as Berry has advocated for the recognition of a new claim, where mental-anguish damages might be recoverable, Berry has not addressed any of the factors that a court must analyze before it expands the landscape of individual liability. *See Kinsel v. Lindsey*, 526 S.W.3d 411, 423 n.6 (Tex. 2017). Because Berry has not provided argument or analysis of the factors, she has not adequately briefed the issue. *See Solis v. S.V.Z.*, 566 S.W.3d 82, 103 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) (declining to recognize a new claim where the claimant failed to address the necessary factors in her brief). We overrule appellant's second issue.

## CONCLUSION

The trial court's judgment is affirmed.

/s/ Tracy Christopher
   Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.